[No. 6848.   Decided December 18, 1907.]

ORVILLE E. LOVING *et al.*, *Appellants*, v. LIZZIE McPHAIL *et al.*, *Respondents.*[1]

TAXATION—FORECLOSURE AND SALE—DEFENSES—PAYMENT OF TAX. A tax deed, upon foreclosure of a delinquency certificate, is void, where, long before the date of delinquency, the owner sent the county treasurer more than enough money to pay all taxes, receipt for which was duly issued, and the certificate of delinquency was issued by mistake of the treasurer, and foreclosure and sale were had without actual notice to the owner.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered January 15, 1907, upon sustaining a demurrer to the complaint, dismissing an action to set aside tax foreclosure proceedings and for the cancellation of a tax deed issued thereunder.   Reversed.

*M. J. Gordon, Charles A. Murray,* and *Sam B. Hill,* for appellants.

*W. J. Canton,* for respondents.

[1]Reported in 92 Pac. 944.

HADLEY, C. J.—This is an action to have certain tax fore-
closure proceedings declared void, and for the cancellation of
the tax deed issued in pursuance of the foreclosure.   The su-
perior court sustained a demurrer to the complaint and the
plaintiffs elected to stand upon their complaint, refusing to
plead further.   Judgment was thereupon entered dismissing
the action, and the plaintiff has appealed.

For the purposes of the appeal, the facts stated in the com-
plaint must be taken as established.   They are essentially as
follows:   On the 20th day of May, 1899, the Adrian Irriga-
tion Company, a corporation, became the owner of certain
described real estate in Douglas county, Washington, and re-
mained such owner until about May 15, 1902.   On the last-
named date said corporation conveyed the property to the ap-
pellants, by deed containing covenants of warranty against all
incumbrances.   Appellants thereby became the owners of the
premises and have ever since been such owners.   At all times
since becoming such owners they have been in the possession,
and they are now in possession, of the land.

About the 16th of April, 1902, said corporation was de-
sirous of paying all taxes which at that time remained upon
said premises. With the intention and for the purpose of free-
ing the premises from all liens for taxes thereon, the corpora-
tion upon said date caused a communication to be addressed
to the treasurer of said Douglas county, in which it was
stated that it was desiring to pay all taxes to that date, in-
cluding the taxes for the year 1901, upon all the lands de-
scribed in the communication, which included, among others,
a description of the lands in question.   Inclosed with the com-
munication was the sum of $140, and the letter stated to the
treasurer that, if the sum inclosed was more than sufficient
to pay all of the taxes mentioned, the treasurer should return
the balance, together with receipts for the taxes.   Thereafter
and pursuant thereto, on or about the 18th day of April,
1902, the treasurer did make and sign receipts which were

by him represented to be receipts .for all taxes upon said premises up to and including the year 1901. At the same time he furnished a statement in writing, including the description above mentioned, and reciting therein that he had received $126.44 in full payment of taxes upon all lands in said statement described, including the lands here involved.

Thereafter, notwithstanding said payment and receipt, and on or about the 27th day of June, 1904, the treasurer of said county issued what purported to be a certificate of delinquency to Douglas county for unpaid taxes upon the premises here concerned, for the sum of $1.78, and also filed an application for the foreclosure of the lien of the certificate. Judgment of foreclosure was rendered and the treasurer sold the land to the respondent Lizzie McPhail, to whom he executed a tax deed. The said respondent and her husband and corespondent are asserting claim of title under said tax deed, which claim casts a cloud upon the title of appellants. The appellants paid said irrigation company valuable consideration for the lands at the time of their purchase from the company, and made inquiry as to whether the taxes were paid. They were shown the aforesaid statement of the treasurer, on which it appeared that all the taxes had been paid. Appellants had no actual notice of the tax foreclosure proceedings or of the delivery of the treasurer's said deed until long after the deed had been recorded in the auditor's office of Douglas county. In purchasing the property the appellants relied fully upon the effort that had been made by their grantor to pay all taxes upon the premises, and upon the receipts and statements made by the treasurer of said county as aforesaid. If they had known that there were any such unpaid taxes they would have paid them long prior to the time said certificate of delinquency was issued. They have ever been and are ready and willing to pay all taxes which appeared to be assessed against said premises, with interest, penalties, and costs, and would have paid the same but for the reasons above stated.

The respondents paid $6.66 at the time they received their tax deed, and forty-eight cents of subsequent taxes. The whole amount of all payments, together with interest, does not exceed $9. Prior to the commencement of this action, appellants tendered to respondents the sum of $9 in full payment of all taxes, interest, penalties, and costs paid by them, and demanded from them a quitclaim deed to said premises, but the same was refused. The tender was kept good by bringing it into court.

The only question presented by the appeal is the sufficiency of the foregoing facts to support the cancellation of the tax deed and the removal of the cloud created by the tax foreclosure proceedings. We think the facts stated are amply sufficient to warrant the relief asked. The property holder made an effort in good faith to pay all taxes upon the property long before there was any delinquency, and was clearly prevented from doing so by the mistake or fault of the officer charged with the duty to collect the taxes. More than enough money was placed in the treasurer's hands to pay all taxes, and no further duty rested upon the property holder. It was the duty of the officer to apply the funds to the extent of the full satisfaction of the taxes. Such an effort by the property owner to pay taxes is the legal equivalent of payment, insofar as to discharge the lien and bar a sale for nonpayment. This court so held in the recent case of *Bullock v. Wallace*, 47 Wash. 690, 92 Pac. 675. The essential questions here involved are discussed in the case cited, and on the authority of that case this judgment must be reversed.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer to the complaint.

RUDKIN, MOUNT, CROW, DUNBAR, and ROOT, JJ., concur.