[No. 7077.  Decided January 30, 1908.]

Z. B. TAYLOR, *Respondent*, v. G. DEBRITZ *et al., Appellants.*[1]

TAXATION—PAYMENT—OMISSION OF TAXING OFFICERS.  A tax sale and deed thereunder is void, where the owner in good faith applied to the proper officers for a statement of the taxes due, paid all that was demanded, and full payment was prevented by the mistake or fault of the officers.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 30, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to vacate tax foreclosure proceedings.  Affirmed.

*Ralph Simon,* for appellants.

*Hayden & Langhorne,* for respondent.

PER CURIAM.—This was an action to set aside a tax deed based on the foreclosure of a delinquency certificate for the taxes of 1888.  From a judgment in favor of the plaintiff the defendants have appealed.

The testimony introduced at the trial showed, and the court found:

"That after purchasing said land, beginning with the year 1889 and each and every year thereafter, plaintiff requested from the proper collecting officers of King county statements of the taxes due as well as the taxes delinquent against said land.  That each and every year since the purchase of said land, beginning with the year 1889, the proper collecting officers of King county asserted and represented to the plaintiff by written and verbal statement that there were no taxes unpaid or delinquent against said land, except such taxes as this plaintiff had theretofore paid.  That this plaintiff has paid the taxes on said land beginning with the taxes assessed for the year 1889 down to and including the taxes assessed for the year 1906."

[1]Reported in 93 Pac. 528.

Considering a similar state of facts in the recent case of *Bullock v. Wallace*, 47 Wash. 690, 92 Pac. 675, this court quoted the following from the 27 Am. & Eng. Ency. Law (2d ed.), p. 755:

"If the owner of land, or a party having an interest therein, in good faith applies to the proper officer for the purpose of paying the tax thereon, and payment is prevented by the mistake or fault of such officer,  .  .  .  the attempt to pay is considered, in most jurisdictions, as the legal equivalent of payment in so far as to discharge the lien and bar a sale for payment;"

and said:

"The facts, we think, require the holding that the foreclosure was unauthorized in law, that the sale and deed thereunder were void, and that appellant was not divested of her title thereby."

To the same effect see *Loving v. McPhail, ante* p. 113, 92 Pac. 944. On the authority of the above cases the judgment in this case must be affirmed, and it is so ordered.