[No. 7705. Department One. June 11, 1909.]

P. G. GLEASON, *Appellant*, v. D. M. OWENS *et al.*,
*Respondents.*[1]

TAXATION—FORECLOSURE AND SALE—DEFENSES—EFFORT TO PAY—MISTAKE OF OFFICER. Efforts of the owner in good faith to pay taxes before delinquency, which were prevented by mistake of the county treasurer in informing him that the taxes were paid, are equivalent to payment, rendering a tax sale therefor void.

TAXATION—REDEMPTION—PAYMENT INTO COURT—JUDGMENT VACATING SALE. Failure to require repayment of a tax, in a judgment setting aside the tax sale, is immaterial where, prior to entry of the judgment, the amount had been paid into court.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 13, 1908, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Richard Gowan*, for appellant.

*Hastings & Stedman*, for respondents.

CHADWICK, J.—This action was begun by plaintiff to quiet title to certain real property in the city of Seattle, Washington, alleged to have been acquired by his grantor

[1]Reported in 102 Pac. 425.

by virtue of certain tax foreclosure proceedings instituted by King county to recover delinquent taxes for the year 1890, and known as the "King County Omnibus Foreclosure Suit." Defendants acquired the property by purchase from the then owner in October, 1890. The lower court found that, on the 22d day of December, 1891, March 4, 1893, March 5, 1894, March 23, 1895, May 29, 1896, and November 13, 1897, defendants inquired at the office of the treasurer of King county what, if any, taxes were due and unpaid on the property, and on each of these occasions they were informed of an amount which they paid. It is also found that they paid the taxes for the years 1898, 1899, 1900 and 1901; that when they attempted to pay the taxes for the years 1902 and 1903, they were informed that the taxes had been paid, but they assumed that they had been paid by mistake. When they undertook to pay the taxes for the year 1904, they again inquired about the 1902 and 1903 taxes, and were informed that the land had been sold on November 15, 1902, to satisfy the 1890 taxes. The records did not disclose how much the land had been sold for, and defendants were unable to tender the amount due, with penalties and interest, on account of the 1891 taxes. The court also found that defendants had since offered to pay plaintiff the amount which he had paid as taxes, with interest, penalties, and costs, and that plaintiff had refused to accept payment thereof. Judgment was rendered in favor of defendants, and plaintiff appeals.

Error is assigned as follows: That the court erred in overruling appellant's demurrer to the amended answer and cross-complaint; that the court erred in holding the oral statement of the county treasurer to the effect that no taxes were due was equivalent in law to a payment of the taxes, and that the court erred in giving judgment without first requiring respondents to pay to appellant the amount paid out by him and his grantor with interest and costs. The first two assignments of error may be disposed of by a reference

to the case of *Loving v. McPhail*, 48 Wash. 113, 92 Pac. 944, wherein the court said:

"The property holder made an effort in good faith to pay all taxes upon the property long before there was any delinquency, and was clearly prevented from doing so by the mistake or fault of the officer charged with the duty to collect the taxes. . . . Such an effort by the property owner to pay taxes is the legal equivalent of payment, in so far as to discharge the lien and bar a sale for nonpayment."

This decision followed the case of *Bullock v. Wallace*, 47 Wash. 690, 92 Pac. 675, wherein the court quoted with approval from 27 Am. & Eng. Ency. Law (2d ed.), p. 775, as follows:

"If the owner of land, or a party having an interest therein, in good faith applies to the proper officer for the purpose of paying the tax thereon, and payment is prevented by the mistake or fault of such officer, . . . the attempt to pay is considered, in most jurisdictions, as the legal equivalent of payment in so far as to discharge the lien and bar a sale for nonpayment."

Reference to the judgment of the court discloses the fact that the amount found to have been paid out by appellant and his grantor had been paid into court prior to the entry of judgment. It follows that there is no merit in this assignment.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.