[No. 8681.   Department One.   June 10, 1910.]

JULIA E. BLINN, *Appellant*, v. HARRY L. GRINDLE *et al.,*
*Respondents.*[1]

TAXATION—TAX DEED—CANCELLATION—EXCUSE FOR FAILURE TO
PAY TAXES. The negligence of the county treasurer prevented the
payment of taxes and a county tax deed is void, where the owner
attempted in good faith to pay taxes upon platted property, and on
furnishing a list was informed by the county treasurer that all de-
linquent taxes were paid; and it is immaterial whether the lists
furnished described the property by government subdivision as
assessed at one time, or as it has been platted and assessed later.

SAME—ACTIONS TO CANCEL DEED—LIMITATIONS—LACHES. An ac-
tion to cancel a tax deed commenced within the time limited by
Rem. & Bal. Code, § 162, is not barred by laches where there was
nothing in the record upon which to predicate laches.

Appeal from a judgment of the superior court for King
county, Holcomb, J., entered August 19, 1909, dismissing,
at the close of plaintiff's case, an action to cancel a tax deed.
Reversed.

*Peters & Powell* and *Marion Edwards,* for appellant.

*Faben & Kelleran,* for respondents.

GOSE, J.—In 1892 the property in controversy was as-
sessed as the northwest quarter of the northwest quarter of
section 10, township 24, north, range 5, E. W. M., and in
1898 a certificate of delinquency was issued to King county.
The certificate was foreclosed in 1902, upon a service of
summons by publication, in an action wherein the county
was the plaintiff and "persons to whom assessed and all
persons unknown, etc." were defendants, terminating in a
sale of the property to the respondents' predecessor in in-
terest in November, 1902, and the execution and delivery of
a treasurer's deed in January, 1903. This action was com-
menced March 14, 1908, admittedly within the time fixed by

[1]Reported in 109 Pac. 122.

statute (Laws 1907, page 398; Rem. & Bal. Code, § 162), for the purpose of cancelling the tax deed. At the close of the plaintiff's evidence, the action was dismissed upon the motion of the defendants. The plaintiff has appealed.

The record shows that in May, 1891, the then owner of the property mortgaged it to the appellant; that the fee then passed to one McKnight, who with his wife in 1893 platted Mercer Slough Garden Tracts, of which the property in controversy formed a part, and caused the plat to be filed and recorded in the plat records of King county in October, 1893. The appellant foreclosed her mortgage upon the property, and a decree was entered therein in December, 1893, under which the property was sold to her in January, 1894. The sheriff conveyed the property to appellant in March, 1897. In the mortgage, the foreclosure thereof, and in the sheriff's deed, the land was described according to its government subdivisions. The taxes on the property for 1893 and subsequent years, to and including 1903, were paid by the appellant. The respondents paid the taxes for the years 1904-5-6-7. In 1893 the land was assessed as a government subdivision. In 1894 and subsequent years it has been assessed as Mercer Slough Garden Tracts.

The appellant asserts that she attempted in good faith to pay all taxes upon the property before the certificate of delinquency was issued, and that her failure to pay them, if she failed to do so, was due to the negligence of the county treasurer. We think this contention must be sustained. The evidence is convincing that the appellant at different times, prior to 1898 and thereafter, and before the certificate of delinquency was foreclosed, when paying her taxes, inquired at the county treasurer's office whether there were any delinquent taxes against the property, and furnished the treasurer a description of the property. It is not important whether the list furnished the treasurer described the property by government subdivisions or as it had been platted and was then carried upon the official books. Either de-

scription was sufficient. The court erred in dismissing the action. *Bullock v. Wallace*, 47 Wash. 690, 92 Pac. 675; *Taylor v. Debritz*, 48 Wash. 373, 93 Pac. 528; *Gleason v. Owens*, 53 Wash. 483, 102 Pac. 425.

The respondents' contention that the plaintiff's cause of action is barred by her laches is not tenable. The action was commenced within the time limited by the statute, and there is nothing in the record upon which to predicate laches.

The judgment will be reversed, with directions to proceed with the trial in conformity with this opinion.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.