[No. 8620. Department One. August 8, 1910.]

# L. H. BREWER, *Respondent*, v. T. M. HOWARD, *Petitioner and Appellant.*[1]

APPEAL—BRIEFS. An appeal will not be dismissed for error in entitling the case in the brief, where no one has been misled.

TAXATION—FORECLOSURE—TAX SALE—VACATION—GROUNDS. Sufficient cause is shown for the vacation of a tax judgment and sale, on petition made within one year, and it is error to deny the same, where it appears that the petitioner lived on the land and had made a good faith effort to ascertain and pay the back taxes prior to the issuance of a delinquency certificate, but was prevented by the act of the county treasurer, and he had had no notice of the suit, summons by publication having been made in a paper of limited circulation at a considerable distance from the property.

Appeal from an order of the superior court for Chehalis county, Sheeks, J., entered October 5, 1909, denying the vacation of a judgment and the setting aside of a tax deed, after a hearing before the court. Reversed.

*W. I. Agnew,* for appellant.

*Frank L. Morgan,* for respondent.

FULLERTON, J.—On August 7, 1907, the respondent, being the holder of a certificate of delinquency for unpaid taxes on certain land situated in South Aberdeen, Chehalis county, Washington, made application to foreclose the same, making parties thereto Edwin Schneider, the person in whose name the property was assessed, "and all persons unknown, if any, having or claiming to have any interest in and to the real estate hereinafter described." Summons was duly issued and placed in the hands of the sheriff for service, who made return thereon to the effect that defendant Edwin Schneider could not be found in Chehalis county, but said nothing as to the efforts he made to find and serve the "unknown" interested parties. The applicant thereupon proceeded to serve the

[1]Reported in 110 Pac. 384.

summons by publication, causing the same to be published for the required time in the Oakville Courier, published at Oakville, in Chehalis county. Judgment was afterwards entered in the proceedings and the land sold thereunder to the applicant, who was plaintiff in the proceedings.

On October 26, 1908, and within one year from the entry of the judgment, the appellant, Howard, applied to the court by petition to vacate the judgment. In his petition he alleged ownership of the property, that he was in possession thereof during the time the foreclosure proceedings were pending, that neither the summons nor notice of the pendency of the proceedings of any kind were served upon him, and that he had no knowledge of the fact that any such proceedings were pending until after the judgment had been entered therein; that he had at divers and sundry times paid taxes on his property and believed he had fully paid all taxes assessed thereon. He further alleged that the plaintiff, well knowing that he resided upon the property, sought to keep the foreclosure proceedings secret and hidden from him, and to that end caused the summons to be published in a newspaper of small circulation published in distant part of the county, a proceeding "calculated and designed to prevent said notice reaching defendant and informing him as to the pendency of said action." An allegation of tender of the amount of taxes due, and other allegations tending to show an excuse for the delay in making the application were made. The petition concluded with a prayer to the effect that the judgment be vacated and the petitioner be allowed to defend the action. An answer was filed to the petition, to which the petitioner filed a reply; the allegations contained in these pleadings need not be noticed, however, since the statute provides that the petition shall be deemed denied without answer, and that "the defendant shall introduce no new cause, and the cause of the petition shall alone be tried." Rem. & Bal. Code, § 468. The hearing resulted in a denial of the petition.

The proofs on the part of the petitioner tended in the main

to support the allegations of his petition.  It was made to appear that he had owned the property for some eight or ten years, and had been in the continuous occupancy of the same, either by himself or his tenants, since 1904; that at a time prior to the issuance of the delinquency certificate he desired to mortgage the property, and called up the treasurer to ascertain if any back taxes were due on the land and was assured that there were none, although at the same time he was informed of back taxes on another tract which he included in the mortgage and which he then paid.  It was made to appear, furthermore, that the newspaper in which the summons was published had but a limited circulation in the city of Aberdeen, and that its place of publication was at a considerable distance from the land, and that the petitioner did not discover the published notice, and had no notice otherwise of the pendency of the proceedings.  There is no evidence in the record, however, showing that the plaintiff in the foreclosure action had a fraudulent purpose in selecting the particular newspaper in which the summons was published, or that he had actual knowledge of the petitioners ownership and possession of the property.  Tender was made to the plaintiff of the taxes, as well as the costs of the foreclosure proceedings, prior to the filing of the petition to vacate.

The plaintiff moves to strike the appellant's brief and dismiss the appeal on the ground that the brief is wrongly entitled.  The brief is faulty in this respect, but nevertheless we must deny the motion.  Neither the court nor the respondent has been misled by the error, and it would be a gross injustice to impose so heavy a penalty for a mere harmless mistake.

On the merits of the controversy, it is our opinion that the petitioner showed sufficient cause for a vacation of the judgment, and that the trial court erred in denying his petition therefor.  Aside from the general equitable features presented by the facts in the case, which appeal strongly to the conscience of the court, there was a good-faith effort made on

the part of the petitioner to ascertain and pay these taxes prior to the time a delinquent certificate was issued therefor; an effort which would have been successful but for the error of the county officer charged with the duty of collecting and receiving taxes. On the principle that such an effort by the property owner to pay back taxes is equivalent to payment, we have held that similar facts justified the setting aside of a tax foreclosure sale by a proceeding in equity after the time within which an interested party might apply for the vacation of the tax judgment had expired. *Loving v. McPhail*, 48 Wash. 113, 92 Pac. 944; *Taylor v. Debritz*, 48 Wash. 373, 93 Pac. 528; *Gleason v. Owens*, 53 Wash. 483, 102 Pac. 425; *Blinn v. Grindle*, 58 Wash. 679, 109 Pac. 122. The reasoning of these cases applies with added force to a case where the interested party comes into the foreclosure action itself within the time limited by statute and petitions for a vacation of the judgment on the ground stated.

The judgment appealed from will therefore be reversed, and the cause remanded with instruction to vacate the tax judgment and allow the petitioner to appear and defend the foreclosure proceedings.

RUDKIN, C. J., GOSE, MORRIS, and CHADWICK, JJ., concur.