BACKUS v. KILLMASTER.

1. EQUITY—PRACTICE—STIPULATION—EVIDENCE.
Under a stipulation that testimony taken in one cause may apply to another so far as may be competent, it is proper to refer on appeal to the record in the related cause.

2. TAXATION—REDEMPTION—TENDER—REGISTER IN CHANCERY.
Where the owner of land sold for delinquent taxes sends a post-office order for a sufficient sum to redeem the property to the register in chancery, who indorses the same, and tenders

it to the purchaser from the State, within the period of redemption, a sufficient payment was made to redeem the property.

3. SAME—REMEDIES—REGISTER IN CHANCERY.
    If, by the conduct of the register in chancery, the tax purchaser has lost the money, his remedy is against the officer.

Appeal from Alcona; Connine, J. Submitted June 7, 1910. (Docket No. 18.) Decided September 27, 1910.

Bill by Newton D. Backus, administrator of the estate of Sarah E. Backus, deceased, against John H. Killmaster to set aside certain deeds. Defendant filed an answer in the nature of a cross-bill to quiet title to said land. From a decree for defendant, complainant appeals. Reversed, and decree entered for complainant.

*Albert McClatchey*, for complainant.

*John H. Killmaster* (*Ward B. Connine*, of counsel), *in pro. per.*

McALVAY, J. This is a case in some respects similar to the case of *Backus* v. *Cowley, ante,* 585 (127 N. W. 775). From the record in that case we find that,

"By agreement between solicitors for both parties and the court, testimony was taken to apply in this cause and also in the case of Newton D. Backus, Adm'r, v. John H. Killmaster, as far as might be competent."

We also find a statement in this record to the same effect. In the certificate to the record in this case is contained a protest by counsel for appellee in a measure restricting the agreements of record made in both cases in open court by insisting that opposite counsel shall not in this case make reference to the first case. Counsel on both sides are bound by the above agreements upon which this court has acted in the examination and determination of both cases, and counsel have the right to make all proper and necessary references in each case to the other. The instant case involves two of the descriptions of land, the title to which was in dispute in the other case, and which

are the descriptions in that case stated to have been conveyed by defendant Cowley to defendant Killmaster. The determination of this court in that case declaring the title in Cowley void and that defendant Killmaster acquired nothing by the transfer from her makes it unnecessary in this case to consider that question.

Defendant Killmaster in this case also claims title to this land through other tax sales for the years 1902 and 1904 made by other parties and by quitclaim deeds from them to Killmaster. Afterwards he sent to Mrs. Backus, at Detroit, the statutory notice that he held a tax deed on the lands for the year 1902, giving the amount required to redeem each description. Within six months thereafter Mrs. Backus gave such notice with money sufficient to redeem to her son to send the required amount to make such redemption. For the purpose of transmitting this money, he obtained a post-office money order at Detroit for the full amount, payable to George Rutson, who was register in chancery, and the proper officer to receive such redemption money, and inclosed the same in a letter stating its purpose, and sent it to him. It was duly received and accepted by him, and he on the same day, and before the expiration of the six months, personally told defendant that he had received the same to pay for the redemption from said tax title. He indorsed the order and offered it to defendant for that purpose, but defendant would not take the money order for the reason that he claimed it was not legal tender and therefore refused to receive it. Defendant did not offer or tender to said officer any tax deed, receipt, or quitclaim deed, or reconveyance. The money order was retained by this officer during the balance of his term of office, and passed over by him to his successor in office. Mrs. Backus, hearing of this situation, and that defendant claimed title under the tax deed from which she thought she had redeemed, caused the bill of complaint in this case to be filed praying to remove the cloud of said tax deed from her title, and that such deed be decreed to be delivered up and canceled, and defendant

be decreed to convey to her all of his interest in said lands. Defendant answered, asking affirmative relief in the nature of a cross-bill. Issues were joined and a hearing had. The court denied complainant any relief, dismissing the bill of complaint, and granting defendant a decree confirming his title in fee simple to the land.

The only question necessary to discuss in this case is whether complainant's decedent complied with the law and redeemed her land and was entitled to a reconveyance. Defendant's contention and defense is entirely technical, and we think absolutely without merit. It is not disputed but that Mrs. Backus transmitted a sufficient amount of money within the required time to the proper officer to satisfy defendant's demand, and he was notified by such officer. She can be required to do nothing more if her method of transmission was legal. After notice of what she had done, the duty rested upon this defendant to offer his reconveyance and demand his money. The conduct of this register in chancery was not very creditable. He was an old officer, and, as he testifies, well acquainted with these transactions. He had received post-office orders before, and knew that, when he paid the money to a tax title holder, he should receive the deed, etc., as the law provides. Instead of taking the ordinary course, he indorsed the order to Killmaster, who declined to accept it. This the officer did contrary to the instructions of the letter of transmission. The inference from his testimony is strong that he did so because he was unfriendly with the Backus people. It is not to the credit of defendant that he was willing to take advantage of this conduct, evidently because the time for redemption expired the next day. It is a matter of common knowledge that the transmission of money by post-office order is lawful, customary, and safe. This post-office order received by the register in chancery, kept and indorsed by him, amounted to a payment by Mrs. Backus for the purpose indicated in the letter to him. Because of the conduct of this officer, she, having done all that was required by the law to redeem

her lands, will not be held to be in default, and, in such case—

"Equity will take notice of the facts as entitling the party to relief, and will hold the redemption which has failed in form, to have been effected for all purposes of protecting the estate against a forfeiture." 2 Cooley on Taxation (3d Ed.), p. 1048.

Whether defendant had the deeds as claimed or not to both descriptions of this land is of no consequence. Complainant so understood at the time, and acted upon such understanding.

The amount paid covered both descriptions. The statute provides that—"By such payment the tax title * * * shall become void and of no effect against the lands thus redeemed." Act No. 226, Pub. Acts 1905, § 141. Consequently complainant was entitled to the relief asked. The decree dismissing complainant's bill of complaint and granting defendant affirmative relief is reversed, and a decree will be entered in this court granting complainant full relief, declaring the tax title of defendant a cloud upon her title, and declaring it void and to be delivered up to complainant for cancellation, and that defendant do reconvey all of his claimed right, title, and interest in said lands and produce and surrender all deeds and papers as provided by law in case of payment, and, in default thereof, that such decree duly recorded shall stand as and for such reconveyance, and, if by the conduct of the register in chancery complainant has lost the money sent to him, defendant be left to his remedy, if any he has, against said officer, if otherwise, complainant do pay into court for said defendant that amount less costs of this suit, and that complainant recover against defendant costs of both courts, to be taxed.

BIRD, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.