[No. 9225. Department Two. July 29, 1911.]

ORVILLE E. LOVING et al., Respondents, v. A. N. MALTBIE et al., Appellants.[1]

DISMISSAL AND NONSUIT—INVOLUNTARY—FAILURE TO PROSECUTE—DISCRETION. While it is discretionary to dismiss an action for failure to prosecute it diligently, under Rem. & Bal. Code, § 319, it is not an abuse of discretion to refuse to dismiss upon plaintiff's failure to notice it for trial for nearly two years after issues joined, where the plaintiff had not abandoned the action and the defendant might have noticed it for trial, and was, by stipulation, secured the benefit of testimony of a witness who had died in the meantime.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE—FACTS OTHERWISE ESTABLISHED. Error in the admission of secondary evidence of the contents of a letter is harmless where the loss of the letter was subsequently established.

APPEAL—REVIEW—EVIDENCE—TRIAL DE NOVO. Error in the admission of incompetent evidence is harmless where there is a trial de novo on appeal.

TAXATION—FORECLOSURE AND SALE—DEFENSES—PAYMENT OF TAX. A tax deed, upon foreclosure of a delinquency certificate, is void, where, long before the date of delinquency, the owner sent the county treasurer more than enough money to pay all taxes, receipt for which was duly issued, and the certificate of delinquency was issued by mistake of the treasurer, and foreclosure and sale were had without actual notice to the owner.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered May 14, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to set aside tax foreclosure proceedings and for the cancellation of a tax deed issued thereunder. Affirmed.

Arthur McGuire, W. J. Canton, and William M. Clapp, for appellants.

F. V. Brown and Frederic G. Dorety, for respondents.

[1]Reported in 116 Pac. 1086.

CROW, J.—This action, originally commenced in Douglas county, in its facts and the legal questions involved is identical in principle with *Loving v. McPhail*, 48 Wash. 113, 92 Pac. 944. The two actions were commenced at the same time, and arose out of the same transaction. Appeals were taken on the same questions, and a stipulation was filed by which it was agreed that the decision of this court in *Loving v. McPhail* should be conclusive on the appeal herein. A statement of the complaint and its allegations will appear in our former opinion.

On January 28, 1908, after remittitur, the defendants answered, making what we construe to be denials only, and not alleging any affirmative defense calling for a reply. In November, 1908, one I. W. Matthews, a prospective and important witness on behalf of the defendants, died after a brief illness. In March, 1909, the legislature divided Douglas county, creating the new county of Grant, in which the land here involved is located. On December 8, 1909, the defendants filed in the superior court of Douglas county a motion for an order of dismissal, on the grounds that the plaintiffs had failed to prosecute the action diligently, or at all, but had abandoned the same, and that they had wholly failed to move against, demur, or reply to affirmative allegations of the answer. This motion, supported and resisted by lengthy affidavits, was conditionally denied by an order entered in the superior court of Grant county, to which the cause appears to have been in the meantime transferred. The condition upon which the motion was denied was that the plaintiffs should, within ten days, file a written stipulation admitting that I. W. Matthews would, if living, give the evidence claimed in affidavits filed on behalf of the defendants, and that such statements might be admitted and considered in all respects as though he were present and testifying, subject, however, to objections as to their relevancy and materiality. The stipulation was filed, and on trial findings of fact were made, upon which a decree was entered in plaintiffs' favor,

quieting their title as against defendants' tax deed. The defendants have appealed.

Appellants first contend the trial court erred in denying their motion to dismiss. The affidavits supporting and resisting the motion are in hopeless conflict. The appellants and respondents each accuse the other of being responsible for the delay. It is apparent, however, that the respondents had not abandoned the action, but that they at all times intended to continue its prosecution. Neither party caused the issues of fact to be brought on for trial by giving the notice authorized by Rem. & Bal. Code, § 319. The appellants could have given such a notice. Where a cause has been pending for an unreasonable length of time without action on the part of the plaintiff, the trial court may, in the exercise of its discretion, dismiss the same as a stale action, and for want of prosecution, and such order of dismissal, in the absence of any abuse of discretion, will not be disturbed upon appeal. *Langford v. Murphey*, 30 Wash. 499, 70 Pac. 1112; *First Nat. Bank of Fond du Lac v. Hunt*, 40 Wash. 190, 82 Pac. 285.

In the first case cited, a demurrer to the complaint, although noticed for hearing, had thereafter remained on file some seven years without being passed upon, and without further action. In *First Nat. Bank v. Hunt*, a delay of three and one-half years after the filing of a demurrer occurred, and it was conceded the plaintiff had placed its claim with an agency for collection independent of the pending action. In each case it was held the trial court did not abuse its discretion in entering an order of dismissal. It does not satisfactorily appear that the respondents at any time abandoned this action. The rule that a dismissal for want of prosecution lies within the sound discretion of the trial judge is well established. The trial court fully protected the appellants by securing for their benefit what they claimed would have been the evidence of the deceased witness had he lived. We are unable to conclude that the trial judge

abused his discretion or committed prejudicial error in denying the motion.

Other assignments of error are predicated upon the admission of evidence. We think these contentions are without merit. In most instances objections made go to the weight of evidence offered, rather than to its competency. In one instance a carbon copy of an important letter written to the treasurer of Douglas county was introduced and admitted without accounting for the absence of the original. If this was error at the time, it was subsequently cured by evidence which positively disclosed the fact that the original had been destroyed in a fire which burned the county court house where it was on file. As to any evidence that might be regarded as incompetent, it will be sufficient to observe that this cause is now before us for trial *de novo*, and that we will only consider such evidence as we find to be competent.

Applying this rule, we conclude from a careful consideration of all competent evidence, that although somewhat conflicting, it is sufficient to sustain the findings of the trial judge, which in substance are as follows: That on or about May 20, 1899, the Adrian Irrigation Company, a corporation, became the owner of the land here involved, which was then located in Douglas county, now in Grant county; that on May 15, 1902, the irrigation company sold and conveyed the land to respondents by deed containing covenants against incumbrances; that respondents ever since have been owners and in possession; that on April 16, 1902, the irrigation company remitted to the treasurer of Douglas county $140, with instructions to apply the same in payment of all taxes then due upon the land here involved, and upon other lands to all of which his attention was called by specific description; that $140 was more than sufficient to satisfy all the taxes then a lien upon all of the lands, including taxes for the year 1898; that the treasurer returned to the irrigation company a portion of the $140, retaining the remainder, and executed and delivered to the irrigation company a written

statement of the application of the money retained by him; that thereafter, on or about June 27, 1904, the then treasurer of Douglas county issued what purported to be a certificate of delinquency to Douglas county for unpaid taxes for the year 1898; that the certificate was foreclosed; that on December 14, 1904, the treasurer made return that he had sold the land in accordance with the tax judgment to the appellant A. N. Maltbie, to whom a treasurer's deed had theretofore been executed and delivered on November 26, 1904; that appellants having no other claim assert title under the tax deed, which casts a cloud upon the respondents' title; that respondents paid the irrigation company a valuable consideration for the land; that at the time of its purchase by them, they were shown the written statement made to the irrigation company by the treasurer of Douglas county; that they then believed all taxes had been paid; that they had no notice of any tax foreclosure or sale until after the delivery of the treasurer's deed; that prior to the commencement of this action respondents made a lawful tender of money to appellants, sufficient to pay all taxes, interest, penalties, and costs, together with interest upon all of such items paid by appellants for or on account of the land. These findings, under the authority of *Loving v. McPhail*, *supra*, are sufficient to sustain the decree. In that case, we said:

"The only question presented by the appeal is the sufficiency of the foregoing facts to support the cancellation of the tax deed and the removal of the cloud created by the tax foreclosure proceedings. We think the facts stated are amply sufficient to warrant the relief asked. The property holder made an effort in good faith to pay all taxes upon the property long before there was any delinquency, and was clearly prevented from doing so by the mistake or fault of the officer charged with the duty to collect the taxes. More than enough money was placed in the treasurer's hands to pay all taxes, and no further duty rested upon the property holder. It was the duty of the officer to apply the funds to

the extent of the full satisfaction of the taxes. Such an effort by the property owner to pay taxes is the legal equivalent of payment, in so far as to discharge the lien and bar a sale for nonpayment. This court so held in the recent case of *Bullock v. Wallace*, 47 Wash. 690, 92 Pac. 675. The essential questions here involved are discussed in the case cited, and on the authority of that case this judgment must be reversed."

See, also, *Gleason v. Owings*, 53 Wash. 483, 102 Pac. 425, 132 Am. St. 1087; *Blinn v. Grindle*, 58 Wash. 679, 109 Pac. 122; *Puget Sound Nat. Bank v. Biswanger*, 59 Wash. 134, 109 Pac. 327; *Brewer v. Howard*, 59 Wash. 580, 110 Pac. 384.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, and MORRIS, JJ., concur.