CROZIER v. SCOTT.

1. ESTOPPEL—EJECTMENT—SUFFICIENCY OF TITLE—NOTICE TO REDEEM.

Where, in an action of ejectment, defendants' right to possession under their tax deed depended upon their claimed notice to plaintiff as the last recorded owner in the regular chain of title, they may not claim that plain-

---

[1]Estoppel, 21 C. J. § 244 (Anno).

tiff's quitclaim deed did not establish sufficient title to sustain the action.

2. TAXATION—NOTICE TO REDEEM—SERVICE BY REGISTERED LETTER —IMPEACHMENT.

Proof of service of notice to redeem by registered letter may be impeached by proof that said notice was not received.

3. SAME—FORM OF TENDER OF MONEY TO REDEEM SUFFICIENT IF SATISFACTORY TO COUNTY CLERK.

Where the county clerk accepted a certificate of deposit, tendered for the purpose of redeeming land from tax sale, he being the person designated to receive payment in such case, it does not lie with the purchasers at the tax sale to raise the point that the tender was insufficient because not made in money.

4. SAME—NOTICE TO REDEEM—PROPER NOTICE.

The owner of land sold for taxes has six months in which to redeem after proper notice, but the fact that he accidentally learned of the existence of the tax deed does not constitute proper notice requiring tender of payment, or in default thereof, loss of rights.

5. DEPOSITIONS—OBJECTION SHOULD BE RAISED BEFORE TRIAL.

An objection that the notice of taking a deposition stated it was to be taken before a notary public in and for the county of New York at 54 West Fortieth street in the State of New York, whereas it was taken in the city of New York, is without merit, where, reading the notice as a whole, no one need have been misled by the omission, and no objection was raised before the trial, as required by 3 Comp. Laws 1915, § 12497.

6. EJECTMENT—IRREGULARITY IN ATTACHING STATEMENT OF TITLE CURED.

Irregularity of plaintiff in failing to attach, at the time of filing, to his declaration in action of ejectment, a statement of the title relied on, as required by 3 Comp. Laws 1915, § 13184, was cured by a later filing of the statement nearly four years before the trial; the purpose of such statement being to enable defendant to know the claim of title asserted against him.

[2]Taxation, 37 Cyc. p. 1406; [3]Id., 37 Cyc. p. 1412; [4]Id., 37 Cyc. pp. 1389, 1395; [5]Depositions, 18 C. J. §§ 148, 155, 381; [6]Ejectment, 19 C. J. § 151.

7. ADVERSE POSSESSION—LESS THAN STATUTORY PERIOD.
   Title by prescription was not established by defendants'
   showing that they had been in possession about twelve
   years.

Error to Muskegon; Vanderwerp (John), J.   Submitted October 8, 1926.   (Docket No. 63.)   Decided January 3, 1927.

Ejectment by Alfred O. Crozier against Samuel S. Scott and others.   Judgment for plaintiff.   Defendants bring error.   Affirmed.

*Willard J. Turner, Sr.,* and *Willard G. Turner, Jr.,* for appellants.

*Carpenter & Jackson,* for appellee.

WIEST, J.   This is an action in ejectment and involves six lots in the city of Muskegon.   Plaintiff holds under a quitclaim deed in the regular chain of title.   Defendants are in possession, assert title under a tax deed, effective by notice to plaintiff of right to redeem and his failure to do so, and also claim title by prescription.   The issues were tried before the court without a jury and findings of fact and conclusions of law filed with exceptions thereto by defendants.   Plaintiff had judgment and defendants review by writ of error.

In 1895 plaintiff received a quitclaim deed from the parties who had platted the lots and were then in possession.   It is contended that the quitclaim deed did not establish sufficient title in plaintiff to sustain the action in ejectment.   We need but say that defendants are in no position to urge the point for their right to possession, under the tax deed, depended upon notice to the last recorded owner, in the regular chain of title, of right to redeem, and they rely upon such a notice to plaintiff.   We are not to be under-

---

[7] Adverse Possession, 2 C. J. § 192.

stood as holding there would otherwise be any merit in the point; one reason specially applicable to the parties raising the point is deemed enough.

When defendants procured their tax deed they caused notice of right to redeem to be sent by registered letter, addressed to "Alfred O. Crozier, c/o Funk and Wagnalls Co., N. Y. City, N. Y." The receipt came back signed "A. O. Crozier, Funk & Wagnalls Co.,    *    *    *    A. Betanano." Plaintiff never received the notice.    At the time the registered letter was sent, plaintiff was, and for five years had been, a resident of Wilmington, Delaware, and never had any office with or address at Funk & Wagnalls, New York City.    Defendants offered no other proof in support of the service, but their counsel insist that the service could not be impeached in this action. There is no merit in this.

In *Winters* v. *Cook*, 140 Mich. 483, it was said of service of such a notice that it must be proved if denied.

In *Fowler* v. *Stubbings*, 203 Mich. 383, service of such a notice was by registered letter, and it was said:

"It must be observed that the statute does not make any return of service other than *prima facie* evidence and that the sheriff's return may be contradicted."

See, also, *Gogebic Lumber Co.* v. *Moore*, 157 Mich. 499; *Closser* v. *Hanson Land Co.*, 209 Mich. 517.

The first knowledge plaintiff had of the claimed service of notice was when he visited the city of Muskegon, in January, 1919, and discovered it on file. In September, 1919, plaintiff caused a certificate of deposit to be issued for $193.42, payable to the county clerk, and delivered the same to the clerk with a letter explaining that the purpose was to redeem from the tax sale.    Counsel for defendants claim the tender should have been in money and made within six months after plaintiff's discovery of the notice.    The tender

was in form evidently satisfactory to the county clerk, for there does not appear to have been any rejection by him.

In *Schaeffer* v. *Coldren,* 237 Pa. 77 (85 Atl. 98, Ann. Cas. 1914B, 175), it was said:

"If no objection be made on the ground that it is not lawful money, a certificate of deposit is a sufficient tender."

If the tender was in form satisfactory to the county clerk, the person designated to receive it, he waived its not being in money and it does not lie with defendants, who deny right of redemption, to press the point so waived by the county clerk. Right to redeem existed until expiration of six months after proper notice. The knowledge of the tax deed, ferreted out by plaintiff, did not constitute notice requiring tender or, in default thereof, loss of rights. The tender was only a bit of excess caution evidencing a desire to do the right thing.

The deposition of plaintiff was taken in the city of New York, and objection was made to its use at the trial because the notice of its taking stated it was to be taken before a notary public, in and for the county of New York, at 54 West 40th street in the State of New York. Passing the thought that there is probably but one West 40th street in the county of New York, and not taking judicial notice of the fact that New York county is a part of New York City, there was no good reason in support of the point because, immediately preceding the fault alleged, the notice stated that the deposition of Alfred O. Crozier, of 54 West 40th street, New York City, would be taken. The point has no merit, for no one need have been misled by the omission stated, and besides, the objection should have been raised before the trial in accordance with the statute relative to depositions (3 Comp. Laws 1915, § 12497).

Plaintiff did not attach to his declaration, at the time of filing, a statement of the title relied on, as required by section 13184, 3 Comp. Laws 1915, but long before the trial did file, in proper form, such a statement. Defendants objected to written evidence of title because no statement thereof was attached to the declaration at the time it was filed. Counsel for plaintiff thereupon stated that the statement was filed by agreement. The purpose of the statement is to enable defendants in ejectment cases to know the claim of title asserted against them. While it was irregular not to have attached the statement to the declaration, this was cured by filing the statement nearly four years before the trial.

Defendants claimed to have taken possession of the premises in the year 1907, that being the time they received the tax deed. This suit was commenced October 8, 1919. At that time defendants had been in possession about twelve years. Defendants' possession fell short of the period essential to give them title by prescription. We find no error.

The judgment is affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.