82 P.2d 289

**FERNANDEZ CO. v. MONTOYA.**

No. 4381.

Supreme Court of New Mexico.

Aug. 8, 1938.

Rehearing Denied Sept. 12, 1938.

W. A. Keleher and A. H. McLeod, both of Albuquerque, for appellant.

Reed Holloman, of Santa Fe, for appellee.

ZINN, Justice.

Appellee obtained an order in the lower court setting aside a tax sale deed on the ground that she had redeemed the property from the tax sale. From this order, this appeal is prosecuted.

The undisputed facts are that the property was sold on Dec. 7, 1934, for delinquent taxes for the years 1931, 1932 and 1933, and under Ch. 27, N.M.Spec.Session Laws 1934, the owner had two years from the date of sale in which to redeem. Appellant, Fernandez Company, bought the tax sale certificate prior to Dec. 7, 1936, and the county treasurer assigned the certificate to it on that date.

The court found that on Dec. 4, 1936, appellee's agent inquired at the treasurer's office in Gallup as to redemption and was informed of the amount necessary to redeem; that he told the treasurer he would mail a money order from Albuquerque in payment; that the treasurer replied that such would be all right. This money order, in the correct amount, was sent by registered mail to the treasurer's post office box on Dec. 5, 1936, arriving in the Gallup post office the next day, Dec. 6, 1936, and a notice was placed in the treasurer's post office box before 8:10 A. M. Dec. 7, 1936. The treasurer took the letter containing the money order from the post office box on Dec. 8, 1936. He testified, however, that he received mail from the post office box on Dec. 7, 1936, and "got quite a few registers at that time." Subsequently he returned the money order to appellee along with a letter to appellee relating that Fernandez Company had bought the tax sale certificate and that she would have to see them about it. The treasurer did not then object that payment was made by money order or that it was received at the post office box instead of at his office, although he testified that it was refused because it was received too late to be accepted by him in payment of the delinquent taxes and effectuate a redemption. He wrote appellee as follows:

"I am in receipt of your postal money order in the sum of $41.29 in payment of your tax in this county for years 1931-32-33.

"I am enclosing herewith your money order as stated above due to the fact that taxes was paid by the Farnandez Company and also bought the Tax Sale Certificate, so would advise you get in touch with them.

"Very truly yours,
"County Treasurer.
"[Sgd.] J. H. Simpson."

The court found that it had been the custom for many years for the treasurer of McKinley County to receive money orders in payment of taxes; that such custom was known to the taxpayers of McKinley County and had been generally followed by them; that a tax deed was issued to appellant on or about April 3, 1937, to the property owned in fee simple by appellee.

The court concluded that appellee sent a sufficient amount to the treasurer to redeem her property from the tax sale; that said amount reached the treasurer in time to redeem; that the treasurer should have applied the payment in redeeming the property from the tax sale; that the treasurer was therefore without legal power or authority to execute a tax sale deed to the appellant for said property, and that the execution of the tax sale deed was wholly without authority and therefore null and void.

There is ample evidence to support the court's finding that the notice of appellee's registered letter was placed in the treasurer's post office box before 8:10 A. M. Dec. 7, 1936, and in view of the treasurer's testimony that he received quite a few registers at that time, his failure to take appellee's money order from the post office box until the next day, after the expiration of the time to redeem, cannot defeat appellee's right of redemption. In Gammill v. Mann, 41 N.M. 552, 72 P.2d 12, we said a tax sale deed issued to the purchaser of a tax sale certificate would be held invalid if the owner had attempted to redeem his property, but was prevented from so doing because of the treasurer's failure to give the owner information as to the amount due and his refusal to accept the money. We said (page 13):

"We indicated in State ex rel. McFann v. Hately, 34 N.M. 86, 278 P. 206, 208, that this redemption statute should be liberally construed in favor of the landholder, stating: 'Redemption cannot be prevented by the fault or mistake of the collecting officer whose duty it is to furnish to the taxpayer the requisite information.'

"This seems to be the general rule."

See Black on Tax Titles, 2d ed., Par. 362; 61 C.J. 1794, p. 1290; Backus v. Killmaster, 162 Mich. 594, 127 N.W. 779; 26 R.C.L. 638.

The treasurer was the agent of appellant for the collection of the taxes (Ch. 27, § 16, Spec.Session Laws 1934; Gammill v. Mann, supra), and in view of the facts herein, the appellant cannot complain that the tender was not made in money and at the office of the treasurer. Knowledge of the custom of accepting money orders in payment of taxes was chargeable to appellant, and, if the treasurer had accepted the money order, payment to appellant of the amount due it would have been made in money if so demanded.

In Crozier v. Scott et al., 237 Mich. 361, 211 N.W. 634, a tender to a county clerk, for purpose of redeeming from a tax sale, was in the form of a certificate of deposit instead of money, but was evidently in form

satisfactory to the clerk. The Michigan Supreme Court held that purchasers at tax sales were not entitled to question the sufficiency of such tender because of its form. See, also, Schaeffer v. Coldren, 237 Pa. 77, 85 A. 98, Ann.Cas.1914B, 175.

In the instant case the form of tender was not objected to by the treasurer, the person designated by the statute to receive it, and his waiver of its not being in money precludes appellant from objecting to its form.

In Boyd v. Olvey, 82 Ind. 294, the court said: "The clerk in the present case did, however, receive bank notes as money, did treat them as such, did allow them to perform the functions of money, and does make them money to the holder of the sheriff's certificate. The appellant has suffered and can suffer no injury by the clerk's act in treating the notes as money, for they are made money to him by the clerk, and money they have been to him from the time the clerk received them in redemption. Now, as no possible injury can arise to the appellant, ought the substantial rights of the debtor to be sacrificed because he paid bank notes as money, to an officer expressly authorized and directed by law to receive money paid in redemption of property sold upon execution?" and held that the clerk may receive payment in form equivalent to money, and if he does and stands ready to pay the purchaser in legal tender the purchaser cannot defeat redemption.

In Webb v. Watson, 18 Iowa 537, we find:

"To a certain extent the clerk must be recognized as the agent of the purchaser. His powers are by no means so unlimited as to authorize him to receive anything else than money or its equivalent for the redemption. But when, without fraud on the part of the debtor, he receives such equivalent, and the debtor in good faith takes his acquittance, whatever may be his ultimate liability to the clerk, the creditor or purchaser cannot be heard to repudiate the act of the officer to the extent of defeating the redemption."

The appellee acted on the advice of the county treasurer and sent the amount required to redeem in the form of a money order, and if this advice was misleading, such advice so given by the treasurer to the owner of property who attempts to redeem from tax sale and acted on by the property owner, will not cause the redemptioner to lose his right to redeem. See O'Connor v. Gottschalk et al., 148 Mich. 450, 111 N.W. 1048, where, in an action of ejectment to recover possession of land which plaintiff claims under a tax deed, the register had given them an erroneous amount required to redeem, the court said (page 1049):

"The owners of the original title in this case acted in good faith. They went to the proper officer in the proper office, asked for the amount due, relied upon the statement of the register, and paid it. * * * When in good faith the owner has relied upon the statement of the register, who has the papers in his custody, he is justified in so do-

ing." See, also, Forrest v. Henry, 33 Minn. 434, 23 N.W. 848.

In Thompson v. Crains, 294 Ill. 270, 128 N.E. 508, 12 A.L.R. 931, an attempt to redeem property from a tax sale was made. The court said (page 511):

"The evidence in the entire record tends strongly to show that the only objection made to this tender at the time was that the amount was not sufficient, and that no question was raised as to its being by certified check or because of the endorsement. The law interprets the conduct of the parties as to a tender according to their apparent intention, and determines its sufficiency upon the objections then stated, and silence is considered a tacit waiver of other objections." Citing authorities.

The above case appears in 12 A.L.R. 931, et seq.

In People ex rel. Stuckart v. Lamb, 277 Ill. 584, 115 N.E. 720, the tax collector sent out notices that remittance by mail must be by draft, money order or certified check. An Illinois statute, similar to ours, required that payment be made in money. Appellant sent a check in payment of part of his taxes. The collector objected that appellant did not show on both original and duplicate tax bills the exact amount he intended to apply on each item. Later, the collector objected that appellant did not send legal tender. The court held that the last reason would have been a valid one if that had been the reason of the refusal, but it was not. The treasurer invited payment by check when he sent out the tax bill, and cannot, after refusing the tender on another ground, raise objection to the form of payment.

Does appellant have a right, as assignee and purchaser of the tax sale certificate, to hold the treasurer to a strict compliance with the statute setting out the steps which the owner must take in order to redeem her property from the tax sale, and thereby defeat her attempt to redeem?

The treasurer has made it a practice to accept money orders in payment of taxes and told appellee that it would be all right for a money order to be sent in payment, and it appears that the treasurer also accepted such payments made by mail instead of in his office. To argue that a post office box is not a part of the office equipment of the county treasurer, just as much as is his desk or comptometer, though located in the post office, is to argue against the realities. No objection was made by the county treasurer that appellee sent a money order to the post office box.

"All the provisions of a statute not on their face merely permissory or discretionary are intended to be obeyed, or they would not be enacted; and therefore they come to the several officers who are to act under them, as commands. But the negligence of officers, their mistakes of fact or of law, and many other causes, will sometimes prevent a strict obedience, * * *" 2 Cooley on Taxation, 4th Ed. Ch. 10.

In the case of Seward v. Fisken, 122 Wash. 225, 210 P. 378, 27 A.L.R. 1208, we find:

"The mistake of a county treasurer cannot be used against an innocent party or property owner attempting to pay taxes." Bullock v. Wallace, 47 Wash. 690, 92 P. 675; Loving v. McPhail, 48 Wash. 113, 92 P. 944; Taylor v. Debritz, 48 Wash. 373, 93 P. 528; Gleason v. Owens, 53 Wash. 483, 102 P. 425, 132 Am.St.Rep. 1087, 17 Ann. Cas. 819, and other cases.

■ Appellant maintains that the lower court erred in extending the time in which appellee could redeem from the tax sale, and cites Ulivarri v. Lovelace, 39 N.M. 36, 38 P.2d 1114. In the Ulivarri Case we found that no grounds were alleged for equitable relief. Though in the Ulivarri Case we did hold that the statute of redemption is not directory merely and that it is not within the discretion of the court to extend the time for redemption, yet that is not the situation here. The period of redemption had not passed when the redemptioner transmitted a money order as directed by the treasurer. In Gammill v. Mann, supra, construing tax sale redemption statute, we said:

"'Defendant next contends that the statute requires that payment of the amount due be made to the collector of taxes and that complainant made no such payment or tender of payment. Complainant did call on the collector of taxes, and endeavored to ascertain from that official how much he was required to pay to redeem the property from all the tax sales. The collector declined to inform him, or to accept any money from him, and referred complainant to defendant for settlement and payment. Complainant was entitled to the information he sought from the collector, and, failing to obtain it, he was practically refused the right to redeem, and it would have been idle for complainant to have tendered the collector any sum of money after the collector had declined to deal with complainant.' Gonzales v. Harrington Co., Inc., 126 A. 40, 2 N.J.Misc. 316; Id., 126 A. 38, 40, 2 N.J.Misc. 311."

■ In the case at bar the treasurer did not refuse the owner information, but on the other hand, advised him that payment by money order sent by mail would be accepted, as were other such payments by taxpayers in the county. Appellee relied on these statements. In Hintrager v. Mahoney et al., 78 Iowa 537, 43 N.W. 522, 6 L.R.A. 50, quoting from a Pennsylvania case, Bubb v. Tompkins, 47 Pa. 359, it is stated that it is very natural for a landowner to trust the officer in charge of tax collections, and "the law cannot declare such trust wrong." (Page 523.) Statutes providing for redemption are to be construed liberally in favor of redemptioner. Gammill v. Mann, supra; State ex rel. McFann v. Hately, 34 N.M. 86, 278 P. 206; Dubois v. Hepburn, 10 Pet. 1, 9 L.Ed. 325; Black on Tax Titles, 2d ed. § 350, p. 430, and others. The appellee is entitled to her land. The appellant is entitled to his money plus interest allowed by the statute. No injustice will be done to the appellant when it receives this money.

If appellee's claim had been denied appellant would have gained an advantage in

law which equity will not permit it to retain. Appellee was lulled into a false security by statements of appellant's agent (the treasurer) upon which she had a right to rely.

The judgment of the district court was correct and is hereby affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.