[No. 10053.  Department Two.  February 28, 1912.]

HARRISON B. MARTIN, *Appellant*, v. CHARLES RANKERT,
*Respondent*.[1]

TAXATION—DOUBLE TAX—MISTAKE—TAX TITLE—VALIDITY.  Where
land had been assessed for several years under the latest plat, super-
seding an earlier plat, a duplicate tax resulting from a mistake in
again placing the property on the tax rolls under the earlier plat
and descriptions, is void, and purchasers at a tax sale thereunder
acquire no title.

TAXATION—LIEN—JUDGMENT—COLLATERAL ATTACK.  A tax judg-
ment may be collaterally attacked in a suit to quiet title where the
tax has been paid, or the real estate is not subject to taxation, under
the express exceptions of Rem. & Bal. Code, § 9267.

Appeal from a judgment of the superior court for Frank-
lin county, Carey, J., entered December 30, 1910, upon find-
ings in favor of the defendant, in an action to quiet title.
Affirmed.

*Harrison B. Martin*, for appellant.

*H. B. Noland*, for respondent.

MOUNT, J.—Action to quiet title to certain real estate, in
the town of Pasco.  The trial court found in favor of the
defendant, and entered a decree accordingly.  The plaintiff
has appealed.

The facts are substantially all record facts, and are not
disputed.  It appears that, in the year 1889, one Pettit and
wife platted into lots and blocks a tract of land which they
then owned.  They filed this plat, which designated the land
as "Pettit's Addition to the Town of Pasco."  One of the
blocks upon this plat was not subdivided into lots.  This
block was designated on the plat as block B.  It was a tri-
angular tract, and contained 2.87 acres of land.  On March
1, 1890, one M. J. Fox, being then the owner of block B, sub-
divided this block into thirty-two lots, numbered from 1 to

[1]Reported in 121 Pac. 817.

32, inclusive. The block was then platted, and the plat was approved and filed in the county auditor's office. This plat designated the block, "Keystone Addition to Pasco." These lots were afterwards sold and conveyed to various persons, under descriptions in Keystone addition. After this last-named plat was filed, this block, which had theretofore been assessed for purposes of taxation, as "Block B, Pettit's Addition," was dropped from the tax rolls for the years 1890-91-92-93, and the property was thereafter continuously assessed to the various owners as lots in Keystone addition. The taxes on lots 1 to 15 inclusive have been paid by the owners ever since. The taxes on lots 16 to 31 were permitted to become delinquent. In the year 1894, the whole block was, by mistake, again placed upon the tax rolls as "Block B, Pettit's Addition to Pasco," and was assessed to owners "unknown." Taxes were charged against the whole block, aggregating $4.62 for the years 1894-5-6. Taxes were for the same years also levied upon the same land as lots in Keystone addition, and the taxes were paid regularly by about one-half of the owners. The other lots were permitted to go delinquent, as stated above. The taxes assessed against the whole block as one parcel, under the description of "Block B of Pettit's Addition," also became delinquent. Certificates of delinquency were issued to Franklin county; and afterwards, in the year 1902, the county, by a general tax foreclosure, proceeded to sell the same land under the two different descriptions. The plaintiff acquired title to the whole block under the foreclosure proceedings against block B of Pettit's addition, while the defendant subsequently acquired title to lots 16 to 31, inclusive, of Keystone addition, being about half of what was formerly block B of Pettit's addition.

It is argued by the appellant that he is entitled to prevail in this action, because his title from the county is prior in time to that of defendant; and that, when the county issued the deed to him, it thereby divested itself of all title and

could not thereafter vest title in another. It is apparent, however, that the title depends upon the validity of the tax upon which the foreclosure was based. It is not disputed that a double tax was levied upon the same land, and it is not disputed that error occurred by the taxing officers in placing the description "Block B, Pettit's Addition," upon the tax rolls, when the land was already upon the same rolls where it had been carried for several years under another description, according to the later replat, which had superseded the former description. A notation, to the effect that block B, Pettit's addition, was erroneously sold and assessed, was made upon the tax rolls by the county treasurer, as is required by § 9264, Rem. & Bal. Code, as soon as the error was discovered, which was prior to the time this action was brought. There can be no doubt that one of these taxes was and is void. It seems clear upon the record that the tax levied under the description "Block B, Pettit's Addition," must be so held, because the land had been assessed for several years under the description designated in the later plat, and also because the former description, block B of Pettit's addition, had been discontinued and was by mistake inserted upon the tax rolls. The whole block was at that time owned by several different persons. Taxes had been paid upon fully one-half of the block by such owners, who, so far as this record shows, knew nothing of the other assessment. Where the tax has been paid, or where the real estate is not subject to taxation or assessment, a tax judgment may be attacked collaterally. Rem. & Bal. Code, § 9267; *Loving v. McPhail*, 48 Wash. 113, 92 Pac. 944; *Bullock v. Wallace*, 47 Wash. 690, 92 Pac. 675.

We are satisfied that the tax levied upon the block after its subdivision into lots, under an approved plat which designated the tract as Keystone addition, was a valid levy, and that the other levy, having been made by mistake, was void. The trial court therefore was right in concluding that the

plaintiff had no title to any part of the land. The judgment is therefore affirmed.

DUNBAR, C. J., FULLERTON, MORRIS, and ELLIS, JJ., concur.