## George C. Wilson v. Venitia E. Reasoner.

1. Taxes — *Tender* — *Action* — *No Limitation, When.* The limitation of five years from the time of the recording of the tax deed within which a suit can be commenced against a tax purchaser or his assigns to defeat a conveyance of land for taxes, has no application to a case wherein there had been a tender of the full amount required to redeem the land sold before the execution and delivery of the tax deed.

2. Taxes — *Tender* — *Recovery* — *No Interest, When.* In such an action the defeated tax purchaser cannot recover interest on the amount of money required to redeem, tendered by the owner to the county treasurer before the execution and delivery of his tax deed, from the date of the tender until the time of the trial at which his tax deed is adjudged invalid.

*Error from Osborne District Court.*

Action by *Reasoner* against *Wilson*, to set aside two tax deeds. Trial by the court, at the February Term, 1886, and judgment for plaintiff. The defendant brings the case here. The material facts are stated in the opinion.

*A. Saxey & Son,* for plaintiff in error.

*R. G. Hays,* and *C. Heren,* for defendant in error.

Opinion by SIMPSON, C.: The defendant in error was the owner of certain real estate in Osborne county, subject to taxation in the year 1873. The taxes for that year not being paid, the land was sold to J. C. Horton in 1874, and described as the east half of the northeast quarter of section 24, township 7, range 13, in one certificate, and the west half of the same quarter, section, and range, in the second certificate of tax sale. Horton paid the taxes of 1874, 1875, 1876, 1877, and 1878, and then assigned the certificates of sale to J. A. Wilson, to whom the county clerk, on the 31st day of December, 1879, executed tax deeds. J. A. Wilson and wife conveyed the land to George C. Wilson, the plaintiff in error, on the 23d day of November, 1882. Some time before the execution of the tax deeds, the defendant in error brought an action in the district court of Osborne county to restrain the county clerk from the execution and delivery of the tax deeds. It seems that it was claimed that the levy was greatly in excess of that allowed by law, for the year 1873, and the others mentioned, amounting each year to more than twenty-three mills. The temporary injunction granted at the commencement of this action was subsequently dissolved by the district court, for the reason that the plaintiff in that action (defendant in error in this) had not tendered the legal portion of taxes previous to the commencement of her suit. Immediately after such decision, and before the execution of the tax deeds, the defendant in error made a tender to the county treasurer of Osborne county of the full amount of all taxes charged against said lands, both legal and illegal taxes for all said years, with all interest, penalties, charges and costs, for the purpose of redeeming said land from tax sale. This tender was refused by the treasurer, and the tax deeds were executed.

This action was brought by Venitia E. Reasoner against

George C. Wilson to set aside the two tax deeds, and was tried by the court, and a judgment rendered in favor of the defendant in error, finding that the tax deeds were void and of no validity; that the deed from James A. Wilson and wife to plaintiff in error conveyed no title; that the total amount of taxes, interest, penalties and costs paid by the said George C. Wilson and his grantors since the execution of the tax deeds, including the execution, filing for record, and recording the tax deeds, and twenty per cent. per annum on all moneys paid out by him or his grantors from the time of the payment until the present time, is $211.60; that the sum of $218.10 was the full amount paid, and was the consideration of said tax deeds, and was the full amount necessary to redeem said lands from tax sale at the date of the execution of said tax deeds. The defendant in error was ordered to pay into court the sum of $218.10, and the plaintiff in errror was adjudged to have a lien for the sum of $211.60. There was a motion for a new trial overruled, and all exceptions saved.

The counsel for the plaintiff in error insist that this action is barred by the five-years statute of limitation, and that, as the proof shows that the plaintiff in error is a non-resident of the state, this case falls within that of *Beebe v. Doster*, 36 Kas. 666; but this question is not in the case. The court below finds that there was a redemption of this land from tax sale before the tax deeds to Wilson were executed; that there was a legal tender made by the owner of sufficient money to redeem, and this in legal contemplation is the same as if redemption was an accomplished fact. This finding of the court is sustained by sufficient evidence, and is conclusive here.

The section of the tax law referred to by counsel is § 141, and it expressly excepts cases of this kind from the operation of the limitation therein provided for. There was a redemption in this case as provided by law. The owner had tendered to the county treasurer, before the execution of the tax deed, the full amount required to redeem, and the case is just as strong as if the owner had paid the taxes and held the county treasurer's receipt for the same. The ruling of the court below on

this question was right. There is no question here of the statute of limitation in favor of the tax-holder. The land was redeemed; he had no tax deeds.

Another assignment of error is, that the court erred in not computing interest on the amount of the tender from the time it was made. We think the court was right, the owner of the land having tendered the full amount due for redemption before the execution of the tax deed, had performed all the duty the law required, and the tender unquestionably had the effect not only to stop interest, but to prevent the officers of the county from executing any valid tax deed to the land. When the defendant in error offered to pay, and the county treasurer refused to receive, the amount tendered, it being sufficient for the purpose of redemption, right then and there the owner was discharged of all obligation to pay interest to anyone on the taxes due and tendered.

We see no error in the record, and recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.