HEIRS OF WILLIAM LOGAN V. M. P. LOGAN ET AL.

Decided January 24, 1903.

**1.—Deeds—Registration in Wrong County—Certified Copies—Enabling Statute.**

Where deeds were recorded in a county where the land was not situate, and, the originals having been lost, certified copies from such deed records were recorded in the proper county after the enabling Act of 1895 (Rev. Stats., art. 4642) such copies were by virtue of that act admissible in evidence in trespass to try title upon affidavit of the loss of the originals as prescribed by article 2312, Revised Statutes.

**2.—Same—Lost Deed—Record as Circumstantial Proof.**

Where plaintiffs' deeds were lost, they could, in connection with proof that they had asserted title to the land and paid the taxes thereon since 1860, show the record of deeds conveying the land to themselves, made in a county other than where the lands were situate, as a circumstance tending to prove the existence of such deeds.

**3.—Tax Sale—Redemption of Land—Tender.**

Where lands are sold for taxes and the owner tenders to the tax purchaser in redemption thereof, and within the two years, double the amount paid at the sale, as prescribed by the statute (Rev. Stats., art. 5232n) such tender is valid although made through a bank as agent and the tax purchaser did not know who the agent represented and declined it for that reason.

Appeal from the District Court of Shackelford. Tried below before Hon. N. R. Lindsey.

*A. A. Clark, J. W. Akin,* and *C. W. Johnson,* for appellants.

*J. R. Warren,* for appellees.

CONNER, CHIEF JUSTICE.—This suit was filed March 23, 1901, by appellants in the ordinary form of trespass to try title to two tracts of land of 320 acres each, situated in Shackelford County, and known as surveys No. 400 and No. 1555, respectively, of the T. E. & L. Co. surveys. The defense included a plea of not guilty and cross bills for an affirmative adjudication in appellees.

Appellants, who claim as the heirs of William Logan, among other things, offered in evidence duly certified copies from the deed records of Young County of what purported to be original deeds from the said Texas Emigration and Land Company to William Logan, duly conveying the lands in controversy, but which, upon objection, were excluded, in consequence of which the judgment was for appellees.

As appears from the bills of exception regularly taken to the exclusion of said copies, the principal objection urged thereto was that the originals had not been regularly recorded in Young County, in that the lands described therein were situated in the unorganized county of Shackelford and not in Young County. It does not appear that Young County was the parent county, or very clearly, if at all, that by legislative acts Shackelford County was at the time of the purported record attached to Young County for purposes which would have authorized the record of

the deeds, although it does appear that Shackelford County was attached to the nearest organized county for purposes pertaining to the jurisdiction of the district court, and inferentially, perhaps, that Young County was such nearest organized county. But without going into the perplexing question of whether Young County was the proper place for the record of deeds to lands situated in the unorganized county of Shackelford, as is perhaps to be inferred was the custom at the period of the record in question, we nevertheless have concluded that the court was in error in excluding the copies mentioned.

From the bills of exception it is made to appear that proper affidavit, which was not controverted, of the loss of the originals had been duly filed among the papers of the case, and that the copies offered were properly certified to under the hand and seal of the clerk of the County Court of Young County, and had also been duly recorded in the deed records of Shackelford County in 1902, and thereafter filed in the cause, and three days notice thereof duly given appellees before the trial. The bill recites that the original deeds bore date September 5, 1858, and were filed for record December 20, 1859, and recorded in Young County on December 21, 1859, and that the deeds were "properly acknowledged for record at the time" of their registration. The irregularity, if any, of the record of the original deeds specified in the objection to the copies mentioned, would seem, under the circumstances stated, to have been cured by the enabling act of 1895, Rev. Stats., art. 4642, which is as follows: "Every conveyance, covenant, agreement, deed, deed of trust or mortgage in this chapter mentioned, or certified copies of any such original conveyance, covenant, agreement, deed, deed of trust or mortgage copied from the deed or mortgage records of any county in the State where the same has been regularly recorded, although the land mentioned may not have been situated in the county where such instrument was recorded, and which shall have been acknowledged, proved or certified according to law, may be recorded in the county where the land lies, and when delivered to the clerk of the proper court to be recorded shall take effect and be valid as to all subsequent purchasers for a valuable consideration without notice, and as to all creditors, from the time when such instrument shall have been so acknowledged, proved or certified and delivered to such clerk to be recorded, and from that time only; provided, however, that all certified copies filed and recorded under the provisions of this article shall take effect and be in force from the time such certified copy was filed for record; and provided further, that nothing in this article shall be construed to make valid any instrument which was at the time of its execution from any cause invalid."

This being a remedial statute should be liberally construed in aid of the object sought to be attained by the law making power.

No irregularity in the record of the deeds in question has been suggested or appears, save that it was perhaps not recorded in the proper county, a defect or irregularity which was expressly cured by the article quoted. By that article the copies offered in evidence were authorized

to be recorded in Shackelford County; they were recorded there, and hence were admissible as evidence under Revised Statutes, article 2312.

If we are correct in the foregoing view, it of course disposes of the material question presented; we will add, however, that the evidence was also offered as ancient instruments, to which it was objected that the instruments were not shown to have come from the proper custody. While we are not prepared to hold that the copies offered were admissible as competent evidence for the particular purpose offered, yet it was shown in the evidence that appellants had asserted title and paid taxes on the lands in controversy since about the year 1860, and we do not see why, the originals being lost, proper proof, if any, might not be made that at the date asserted deeds of certain form and tenor had in fact been spread upon the deed records of Young County, as a circumstance tending to show that deeds of their purported character were in fact in existence at the date of the record, to be considered by the jury, together with all other evidence in determining whether or not the Texas Emigration and Land Company had in fact made deeds to William Logan as asserted by appellants.

In view of another trial we also add that while we disagree with appellants in the objections made to the foreclosure sale for the taxes of 1898, through which appellees claim, we nevertheless hold that the tender made appellees in redemption of such sale was sufficient under article 5232n, Revised Statutes. It is undisputed that the tender of a sufficient amount was made within the time required by law, and we can not think that the mere fact that the tender was made through an agency not known by the purchaser to have any interest in the land could affect the question; the real owner is given the right by the statute to redeem, and we know of no law which required the owner to exhibit his evidences of right at the time of redemption.

In the instance before us appellants' agent in the town of Graham arranged with the bank at that place by phone to procure the bank at Albany, Texas, to make the tender, which was refused because the purchasers did not believe or understand that the bank at Albany had any interest in the lands in controversy. No reason appears why, if deemed material, proper inquiry would not have led to full disclosure of the parties appellant in whose interest the tender was really made.

Other questions need not be noticed, but for the error discussed in the exclusion of the testimony, the judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*