## GIBSON v. PEKAREK et al.

Where the specifications of the particulars wherein the evidence is alleged to be insufficient to justify a finding of the trial court do not allude to the items alleged to render the finding invalid, it will not be reversed.

Where no objection as to items claimed to render a tax title invalid was presented to the trial court, its finding that the taxes for . which the land was sold were legal will not be disturbed.

Under Sess. Laws 1891, c. 14, § 118 (Pol. Code, § 2208), permitting redemption from a tax sale within two years after the sale, or at any time within two years after the date of such sale, or at any time before the execution of the county treasurer's deed, by paying the county treasurer for the use of the purchaser, etc. a tender, although not accepted, will work a redemption.

There is, accurately speaking, no action at law or in equity to redeem from a tax sale, and, though an action may be required after payment or tender to recover possession or quiet title, the issue is whether a redemption has taken place, and not whether the party is entitled to redeem; and, in the absence of agreement, the right of redemption does not exist except as prescribed by statute, and can be exercised only as the statute prescribes.

Statutes allowing the owner of land sold for taxes to redeem on prescribed conditions are liberally construed in favor of the redemptioner.

Where plaintiff in an action to redeem from a tax sale had only an interest acquired by quit-claim deed .dated nearly eight years after the land was sold for taxes, and after the defendants had paid or redeemed from all taxes thereon for eight years, and had made· permanent improvements upon the property and substantially in-creased the value of the land, and plaintiff had constructive, if not actual, notice of these conditions, he is not in a position to invoke the exercise of unusual liberality in the construction of the statute.

Plaintiff, in an action to redeem from a tax sale, established a right of recovery for the use and occupation of the premises, but defendant established the principal issue as to title both in this· court and in the trial court. **Held,** that a judgment allowing costs to the plaintiff would be modified by not allowing costs to either party.

(Opinion filed May 31, 1911.)

On Rehearing. Former opinion modified and affirmed.

For former opinion, see 25 S. D. 281, 126 N. W. 597.

HANEY, This action was commenced March 23, 1904. It was alleged in the complaint, in substance, that plaintiff was the owner of and entitled to the possession of a described quarter sec-

tion of land in Brule county; that defendant Carlson was treasurer of that county; that defendant K. Pekarek claimed to have an interest in the land by reason of being the assignee of a certificate of sale for the taxes of 1896; that defendant Carlson threatened to issue a deed on such certificate; that such certificate was invalid because of certain alleged defects in the tax proceedings on which it was based; that defendant K Pekarek wrongfully claimed an interest in or lien upon the land by reason of the payment of supposed taxes for the years 1896, 1897, 1898, which claim was without any right whatever; that on March 12, 1904, the plaintiff caused to be tendered to the said defendant $110 for all taxes on said land for said years, and interest, penalties, legal costs, and expenses, which tender was refused; that defendant F. Pekarek wrongfully claimed an interest in or lien upon the land by reason of the payment of supposed taxes for the years 1892 to 1895 and 1899 to 1903, each inclusive, which claim was without any right whatever; that on March 12, 1904, the plaintiff caused to be tendered to said defendant $280 for all taxes on said land for said years and interest, penalties, legal costs, and expenses, which tender was refused; that the defendants' Pekarek had wrongfully held possession of the land from October 22, 1901; and that the reasonable value of its use and occupation from that date to the commencement of the action was $400. It was alleged in the answer that defendant F. Pekarek owned the land by reason of a tax deed to one Smith, based on a sale for the taxes of 1892, dated December 23, 1896, recorded more than three years before this action was commenced, and a deed from Smith dated March 13, 1899. It also was alleged therein that defendant F. Pekarek, his grantor, and defendant K. Pekarek, had paid or redemeed all the taxes on the land from 1892, amounting to $217.76, besides interest and costs of taking the tax deed; and that defendant F. Pekarek had made permanent improvements under claim and color of title of the reasonable value of $650. The plaintiff, by his reply, admitted the recording of the tax deed to Smith more than three years before the commencement of the action, execution of Smith deed to defendant F. Pekarek, but denied that the land was assessed for taxation in 1892, denied that the tax deed was substantially in the

form in which a treasurer's tax deed was required by the law to be made in the year 1896, and denied that the instrument was a tax deed. Before trial, defendants Pekarek were allowed to file a supplemental answer, alleging the execution and delivery of an amended tax deed on August 17, 1904. The cause was referred to a referee, who reported his findings of fact, which were adopted by the court, and upon which a judgment was entered adjudging defendant F. Pekarek to be the owner of and entitled to the possession of the land in controversy. Plaintiff having applied for a new trial on a statement of the case, his application was refused, and he appealed. His contentions are stated in the former decision of this court modifying the judgment of the circuit court. Gibson v. Pekarek, 25 S. D. 281, 126 N. W. 597. The only propositions discussed on rehearing were (1) whether defendant F. Pekarek's tax title failed because it was based on a sale which included illegal artesian well taxes; (2) whether such sale, though valid, was avoided by the tenders made March 12, 1904; and (3) whether all costs and disbursements should be allowed appellant if the former decision of this court should be sustained.

[1] As to the first proposition, the conclusion of this court in its former decision was right. The referee found "that at all times referred to in this controversy said premises were liable to taxation and said taxes were duly assessed and levied against the same." This finding responds to the only issue raised by the pleadings affecting the taxes of 1892. It is not alleged either in the complaint or reply that the tax deed to Smith was invalid because the amount for which the land was sold included artesian well taxes. Such items are not alluded to in the specifications of the particulars wherein the evidence is alleged to be insufficient to justify the decision of the trial court.

[2] Nothing in the record indicates that this objection to the tax title was called to the attention of that court. Therefore this court, upon the record before it, properly assumed that all the taxes for which the land was sold were legal.

The statute in force when the sale occurred and when plaintiff's tenders were made provided that the owner of any land sold

for taxes might redeem the same at any time within two years after the date of such sale, or at any time before the execution of a deed of conveyance thereto by the county treasurer, by paying the county treasurer, for the use of the purchaser, his heirs, or assigns, the sum mentioned in the certificate and interest thereon at the rate at which the land was sold from the date of purchase, together with all other taxes subsequently paid, whether for any year or years previous or subsequent to said sale, and interest thereon at the same rate from the date of such payment. Laws 1891, c. 14, § 118. Rev. Pol. Code, § 2208. The statute in force when such tenders were made also provided that "no action shall be commenced by the former owner or owners of lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, * * * until all taxes, interests and penalties, legal costs and expenses shall be paid or tendered by the parties commencing such action." Rev. Pol. Code, § 2214. It further provided that whenever any action is commenced or maintained to restrain the collection of any taxes or part thereof, to recover the possession of any property sold for taxes, to invalidate or cancel any deed or grant thereof for taxes, or to restrain, prevent, recover, or delay any payment of taxes, the true and just amount of taxes due upon such property, or from the person maintaining such action, must be ascertained and judgment rendered therefor against the taxpayer. Id. 2225. Substantially the same provisions have been in force in this state since long before the present controversy arose, affording the owner of real property sold for taxes two substantially different methods of avoiding the sale; one impliedly admitting the validity of the sale, the other attacking it on the ground of irregularity or absolute nullity, and both requiring that the tax title holder be reimbursed if the sale be avoided. So in the manner and within the time allowed by the statute a sale, though in every respect regular and valid, may be avoided by a redemption. After that time and until a deed, fair on its face, has been of record three years, the sale may be avoided by the judgment of a court of competent jurisdiction for irregularities; and, after the three years special limitation has run,

it may be avoided by the judgment of a court of competent juris-diction for fundamental defects.   Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204; Id., 23 S. D. 124, 120 N. W. 881.

[3] Of course, a tender of the proper amount within the proper time to the proper person, though not accepted, will ipso-facto work a redemption.

[4] Accurately speaking, there is no such thing as an action at law or in equity to redeem from a tax sale.   Though an action may be required after payment or tender to recover possession or quiet title, the issue is whether a redemption has taken place, not whether the party is entitled to redeem.   In absence of agreement, the right of redemption under discussion does not exist except as prescribed by statute, and can be exercised only as the statute pre-scribes.   Keely v. Sanders, 99 U. S. 441, 25 L. Ed. 327; Thompson v. Sherrill, 51 Ark. 453, 11 S. W. 689; Hartman v. Reid, 17 Colo. App. 407, 68 Pac. 787; Peavy v. Wood, 71 Miss 981, 15 South. 929.

[5] While the principle stated is generally if not universally recognized, its application to particular cases has resulted in some apparent confusion, owing to the vague and uncertain rule that statutes allowing the owner of land sold for taxes to redeem on prescribed conditions should be liberally construed in favor of the redemptioner.   After stating this rule and the reaosns upon which it is founded, Mr. Black says: "At the same time it is very neces-sary to remember that the right of redemption from tax sales is a purely statutory right.   It is an act of grace, a privilege, not founded upon any principles of inherent justice or of the common law.   Hence the construction of the statutes can never be strained so far as to excuse an actual failure of compliance with the posi-tive directions of the law.   Whatever steps the law marks out for the party seeking to redeem, these he must scrupulously follow.   It is only when the language of the statute is ambiguous or incom-plete that the weight of construction can be cast into the balance in favor of the redemptioner."   Black on Tax Titles, § 350.

[6] Whatever interest plaintiff ever had in the land in con-troversy was acquired by quitclaim deed October 22, 1901, nearly

eight years after the land was sold for taxes; after the defendants Pekarek had paid or redeemed from all taxes thereon for eight years; after they had made permanent improvements upon the property; and after the land had substantially increased in value. Being the grantee of a quitclaim deed with constructive, if not actual, notice of the conditions stated, the plaintiff certainly is not in position to invoke the exercise of unusual liberality in the construction of the statute or of his conduct in this case. Assuming, however, that he should be regarded in the same light as the owner of the property when the tax sale took place, he cannot be afforded the benefits of a redemption without at least having substantially complied with the provisions of the statute, which required payment to the treasurer before the execution of a deed by that officer. In this instance a deed had been executed. Though not in proper form and not sufficient to transfer title or cause the running of the special limitation, it was not ineffectual for all purposes. It constituted color of title, and its execution marked the terminus of the period of redemption. So plaintiff's tenders were not sufficient to work a redemption because they were not made to the person, or within the time, plainly prescribed by the statute.

There is another conclusive reason why plaintiff's contention regarding his tenders cannot be sustained. The difference between an action founded on a redemption and one attacking the tax proceedings is obvious. A mere inspection of the pleadings, the substance of which has been stated, discloses that the tenders in this case were not made for the purpose of redeeming from the sale but as conditions precedent to the commencement of an action to avoid the sale on the ground of its invalidity. In brief, the plaintiff is not entitled to recover the land in controversy because he neither alleged nor proved a redemption, and did not establish the cause of action embraced by the pleadings, except as to the use and occupation of the premises for a certain period.

[7] In its former decision this court concluded the plaintiff was entitled to recover $195 for the use and occupation of the premises from the date of his purchase to the date of the corrected tax deed, directing the court below to so modify its judgment as

to award the plaintiff that sum, together with all costs and dis-buresments.   Manifestly the defendants, having prevailed as to the principal issue in this court and the court below, should not be required to bear all the expense of the litigation.   Therefore the former decision of this court is adhered to except as to the conclusion regarding costs and disbursements, and the cause will be remanded with directions to modify the judgment appealed from by awarding the plaintiff the sum of $195, with interest at seven per cent. per annum from March 23, 1904, neither party to recover costs or disbursements in this or the court below.

As so modified, the judgment of the circuit court and former decision of this court are affirmed.