(January 10, 1920.)

FORD LUMBER COMPANY, LTD., a Corporation, et al., Respondents, v. F. B. BARTLETT, Appellant.

[186 Pac. 709.]

TAXATION—SALE FOR NONPAYMENT OF ASSESSMENT—EFFORT OF OWNER TO REDEEM—ACT OF OFFICER.

> If an owner goes to the proper office for the purpose of redeeming his land from sale for delinquent assessments and is there informed by an officer whose duty it is to collect them that he owes none, and if he relies upon such statement, in good faith, a subsequent deed, based on a certificate of sale for delinquency from which the property was redeemable at the time such misleading statement was made, will not pass title.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County.   Hon. Edgar C. Steele, Presiding Judge.

Suit to quiet title.   The decree was in favor of plaintiff, Ford Lumber Company, and intervenor, Continental Oil Company; also that plaintiff pay to defendant the amount expended by him in the payment of assessments and taxes. *Affirmed.*

James E. Babb, for Appellant.

The only testimony concerning misinformation from the city clerk being testimony of M. A. Means, an officer of plaintiff, that he "thinks" Willis, the city treasurer, in the absence of the clerk, told him the assessments were all paid, Willis having died since the original and amended complaints were filed, making no reference to this conversation, and Donzac, president of plaintiff company, having testified that he never heard of such conversation until Means testified to it on the trial and Bartlett, defendant, having also so testified and no mention of same having been made in the written tender and demand made by plaintiff, the evidence is insufficient on which to base a decree. (*Fix v. Gray,* 26 Ida. 19, 140 Pac. 771; *Lohr v. Curley,* 27 Ida. 739, 152 Pac. 185; *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638; *Mayhew v. Burke,* 3 Ida. 333, 339, 29 Pac. 106; *Deeds v. Stephens,* 10 Ida. 332, 79 Pac. 77; 9 C. J. 1254; *Gray v. Law,* 6 Ida. 559, 96 Am. St. 280, 57 Pac. 435; *Clement v. Clement,* 54 N. C. (1 Jones Eq.) 184; *Garrison v. Akin,* 2 Barb. (N. Y.) 25; *Donaghe v. Tams,* 81 Va. 132; *Garrett v. Garrett's Heirs,* 29 Ala. 439; *Curtice v. Crawford County Bank,* 110 Fed. 830; *Mattingly v. Pennie,* 105 Cal. 514, 45 Am. St. 87, 39 Pac. 200; *Fanning v. Doan,* 139 Mo. 392, 41 S. W. 742; *Grantham v. Gossett,* 182 Mo. 651, 81 S. W. 895; *Williams v. Miles,* 68 Neb. 463, 110 Am. St. 431, 4 Ann. Cas. 306, 94 N. W. 705, 96 N. W. 151, 62 L. R. A. 383; *Wilson v. Terry,* 70 N. J. Eq. 231, 62 Atl. 310; *Holt v. Tuite,* 188 N. Y. 17, 80 N. E. 364; *Grace v. Hanks,* 57 Tex. 14.)

The cancelation of an executed contract is an exertion of the most extraordinary power of a court of equity which ought not to be exercised except in a clear case and on strong and convincing evidence. This principle applies with equal force irrespective of the ground on which relief was sought. (9 C. J. 1254.)

Courts lend a very unwilling ear to statements of what dead men have said. (*Lea v. Polk County Copper Co.,* 21 How. (U. S.) 493, 16 L. ed. 203, see, also, Rose's U. S. Notes;

*Williams v. Miles*, 68 Neb. 463, 110 Am. St. 431, 94 N. W. 705, 96 N. W. 151, 4 Ann. Cas. 306, 62 L. R. A. 383.)

"In most instances such testimony is scarcely worthy of consideration." (*Bodenheimer v. Bodenheimer's Exrs.*, 35 La. Ann. 1005.)

Statements of a witness who is interested in disproving a fact that he "thinks" the fact did not exist is of very little weight. (*Harp v. Parr*, 168 Ill. 459, 48 N. E. 113; *Hoitt v. Moulton*, 21 N. H. 586.)

C. L. McDonald and Eugene A. Cox, for Respondents.

Where a person is informed by the proper officer that no taxes on his land were due, and he relies on such statement, in good faith, a subsequent tax deed will not pass title. (*Parsons v. Wrble*, 21 Ida. 695, 123 Pac. 638; *Fix v. Gray*, 26 Ida. 19, 140 Pac. 771; *Smith v. Davidson*, 23 Ida. 555, Ann. Cas. 1914B, 1053, 130 Pac. 1071; *Lohr v. Curley*, 27 Ida. 739, 745, 152 Pac. 185; *Nelson v. Churchill*, 117 Wis. 10, 93 N. W. 799.)

MORGAN, C. J.—Appellant claims title to two tracts of land, in Lewiston, by virtue of deeds issued by that city pursuant to purchase at a sale held in order to raise the amount of delinquent special assessments. At the time of the sale the land was the property of Ford Lumber Company. Subsequent thereto and prior to the issuance of the deeds that company sold and conveyed a portion of it to Continental Oil Company. Respondents insist the deeds from the city purporting to convey the land to appellant are invalid for a number of reasons, only one of which will be discussed.

The trial judge found that subsequent to the issuance of the certificates of sale, but prior to the date of the deeds from the city to appellant, the secretary of Ford Lumber Company went to the proper city official and, for the purpose of making payment of any delinquencies that might exist, inquired if there were any delinquent taxes or assessments against the property in question and was informed by said official there

was nothing due thereon; that the secretary of the company relied upon the misleading information so given and by reason of that fact redemption of the property was not made, and that had he, at the time of making inquiry, received information as to the true state of affairs, redemption would have been made and the deeds would not have been issued to appellant.

The finding that inquiry was made by, and misleading information was given to, the secretary is based upon the testimony of that officer, as follows: "Q. Now, Mr. Means, when was it that the Ford Lumber Company sold part of this land to the Continental Oil Company? A. July 18, 1913. . . . . Q. I will ask you to state what, if anything, you did at the time of that sale to ascertain whether there were any outstanding sewer assessments against this property. A. Mr. O'Neill, the general manager of the Continental Oil Company, was here to make the deal, and the delinquent taxes that were delinquent in the auditor's office, we came up and paid those and went to my office, and he wanted to know if there was anything .else, and I told him that the abstract would not cover the city's business, but we could step around to the city hall and find out. I think Mr. Willis was in there at that time, and I think he said that they were all paid."

Prior to the trial Mr. Willis died. At the time mentioned in the testimony, above quoted, he was city treasurer and assistant to the city controller and *ex-officio* clerk. For the last-mentioned services he received compensation from the city in addition to his salary as treasurer. Collecting delinquent assessments and giving information to property owners relative to them were duties of the controller and *ex-officio* clerk, and of Mr. Willis in his capacity as assistant.

If an owner goes to the proper office for the purpose of redeeming his land from sale for delinquent assessments and is there informed by an officer, whose duty it is to collect them, that he owes none, and if he relies upon such statement, in good faith, a subsequent deed, based on a certificate of sale for delinquency from which the property was redeemable at

the time such misleading statement was made, will not pass title. (*Smith v. Davidson*, 23 Ida. 555, Ann. Cas. 1914B, 1053, 130 Pac. 1071; *Fix v. Gray*, 26 Ida. 19, 140 Pac. 771.)

Counsel for appellant insists the evidence is insufficient to sustain the finding above referred to, and criticises the testimony of Mr. Means because of its uncertainty in that he states he *thinks* Mr. Willis was there at the time and *thinks* he said the assessments were all paid. The words chosen by the witness may have indicated a lack of certainty as to who the official was who stated the assessments were paid and as to exactly what was said by way of conveying that information, or may have been merely a loose, careless form of expression sometimes employed by writers and speakers who do not intend to thereby excite suspicion that their statements are not well founded in fact. The trial judge had the advantage of observing the demeanor of the witness on the stand and of listening to his testimony, and we cannot say he was not justified in reaching the conclusion expressed in his finding. It is clear the witness and the general manager of the prospective purchaser of the land went to the city hall for the purpose of freeing the title from any encumbrance which might exist against it by reason of delinquent assessments; also that they received information from the official in charge of the office where such assessments were payable which satisfied their minds none existed.

The decree is affirmed. Costs are awarded to respondents.

Budge, J., concurs.

RICE, J., Concurring.—I do not consider the evidence sufficient to justify the affirmance of the judgment upon the ground stated in the majority opinion. However, it is clear from the record that the tax deed purporting to convey a portion of lot 2 of block 19 is void for want of a valid assessment of the tract described in the deed. I am further of the opinion that both deeds were invalid on account of failure of appellant to give the notice required by Laws 1912, chap. 8,

sec. 27, p. 43.    It is argued by appellant that this law has no application, for the reason that the city of Lewiston was operating under a special charter, and that the general law above referred to did not operate as an amendment of the special charter, or apply to proceedings had in accordance therewith. There is no doubt of the power of the legislature by a general law to require that the notice provided for in the 1912 statute shall be applicable to tax deeds issued upon sales for delinquent special assessments in a city operating under a special charter if such was the intention of the legislature.    The language of the statute is comprehensive and all-inclusive, and clearly was intended to apply in such a case as presented by this record.

I therefore concur in the conclusion reached in this case.