## ALFRED J. DE RAISMES ET AL., APPELLANTS, v. FLORENCE CAHILL ET AL., RESPONDENTS.

### Argued March 13, 1922—Decided April 28, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The prosecutor claims to hold title to lands sold for taxes in the name of Catherine Turney, her heirs, devisees, executors and administrators. The property was conveyed under foreclosure proceedings by the sheriff of the county of Essex to Catherine Turney in 1870, from whose only heirs-at-law the prosecutors obtained title. The land was sold for taxes to Florence Cahill, who conveyed to the prosecutor. In 1908 Florence Cahill obtained an order from the Circuit Court of Essex county for a deed which was made by the comptroller of the city of Newark, January 29th, 1909. The prosecutor, claiming that the order was illegally made, caused this writ to be issued to set aside the tax deed. It is not denied and cannot be successfully, that the proceedings on which the Cahill deed is based were not legal. *Jacobus* v. *Cahill*, 87 *N. J. L.* 562. The defendants apparently recognize this, for their argument is addressed to a motion to dismiss the writ as improvidently issued. The argument of the defendant is that as the deed was delivered to Florence Cahill by the city comptroller January 29th, 1909, and this writ was not allowed until January 26th, 1921, it was not issued within three years from the date of the sale as required by the *Certiorari* act, which provides: 'No writ of *certiorari* shall be allowed to review any sale of land to enforce any assessment or tax unless such writ be allowed within three years from the date of any such sale.' The sale brought under review was made more than three years prior to the allowance of this writ, and if the act referred to applies then manifestly the writ was barred by the statute mentioned. Prosecutors argue

that this writ is in aid of an ejectment and therefore there was no limitation under twenty years, and cite cases to that effect, but they all refer to statutes prior to 1903, when the limitation to three years was enacted, all of which this court held were abrogated by the statute of 1903. *Bozarth* v. *Egg Harbor,* 85 *Id.* 412, which was approved by the Court of Errors and Appeals in *Sutton* v. *Maurice River,* 93 *Id.* 504, where the case was precisely the same as the one under review. This settled law requires the dismissal of this writ, with costs, and it is so ordered."

For the appellants, *C. McK. Whittemore, Sidney W. Eldridge* and *James R. Nugent.*

For the respondents, *Arthur F. Egner.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.