JAMES R. NUGENT, complainant,

*v.*

WILLIAM M. HAYES et al., defendants.

[Decided March 1st, 1923.]

1. Where it is alleged in a bill in equity that a defendant's tax title is worthless because of irregularity in the proceedings under which the circuit court made an order directing the making of his deed, and where the remedy by *certiorari* is lost by reason of the statute of limitations, such loss of remedy at law does not give jurisdiction in equity.

2. Where it is alleged that such tax title was obtained by fraud, there can be no question that equity can and will relieve, regardless of the correctness of the legal formality.

3. Where a bill in equity alleges no more than that the proofs offered to the circuit court were untrue, that is not enough to invoke equity jurisdiction. To impeach and overthrow legal proceedings, it must be shown that the proofs were knowingly false and intended to deceive the court.

On motion to strike out the bill.

*Mr. Herbert Boggs,* for the motion.

Complainant, *pro se, contra.*

BACKES, V. C.

This bill is for the partition of waste lands in the great meadows at Newark. The fee was in Samuel Whittaker in 1818. The complainant acquired and owns one hundred and sixty-five two hundred tenths undivided parts. The defendants, other than Stewart Lindsley and John Francis Cahill and wife, own the rest. Stewart Lindsley claims title to the tract under a tax deed executed by the comptroller of Newark to Mrs. Cahill (Lindsley's grantor) by virtue of the Martin act. *Comp. Stat. p. 5205.* The property was sold for taxes in 1906. The comptroller conveyed to Cahill in 1909 upon an order of the Essex circuit court after proceedings against "unknown owners," as provided by section 3 of the supplement of 1887. *Comp. Stat. p. 5218.* The bill attacks Lindsley's deed on the ground that the proceedings upon which the order was made were irregular, in that the lands were not described by metes and bounds, as required by the statute; and on the further ground that the circuit court was imposed upon, in that the proofs to establish that the owners were unknown were false. If the complainant should succeed in his efforts to set aside the deed, Lindsley would have but a tax lien, which would be redeemable in this suit. *Culver* v. *Watson, 28 N. J. Eq. 548; Devine* v. *Frank, 47 Atl. Rep. 228; Clift* v. *Frenche, 91 Atl. Rep. 817.*

On the first ground, of irregularity in the proceedings, it is settled that the supreme court has exclusive jurisdiction by *certiorari. Sutton* v. *Maurice River Township in Cumberland County, 93 N. J. Eq. 484.* That remedy is lost to the complainant because the statute limits the time for review by *certiorari* to three years, and more than three years have elapsed since the sale (*1 Comp. Stat. p. 407 § 14; DeRaismes*

v. *Cahill, 117 Atl. Rep. 30*), and his loss of his remedy at law due to the statutory limitations does not give equity jurisdiction. Equity relieves where law cannot, not where law can but will not. A suitor who had a legal remedy and lost it by his default, unless that default is brought about by fraudulent imposition, cannot appeal to equity because he has no remedy at law, viz., because his remedy at law is gone. *Goodwin* v. *Millville, 75 N. J. Eq. 270.*

On the second ground, that the tax title deed under which Lindsley claims ownership was procured by fraud, there can be no question that equity can and will relieve if it appears that the order of the circuit court to the comptroller to execute the tax deed to the purchaser was obtained by fraudulent representations that the "unknown owners" were unknown to the purchaser, and, in consequence, that the owners were without notice of the foreclosure proceedings. It is the peculiar province of equity to relieve against fraud regardless of correctness of legal formality. *Tomkins* v. *Tomkins, 11 N. J. Eq. 512; Herbert* v. *Herbert, 47 N. J. Eq. 11; affirmed, 49 N. J. Eq. 565; S. C., 49 N. J. Eq. 70; Kirkhuff* v. *Kerr, 57 N. J. Eq. 623; Truitt* v. *Darnell, 65 N. J. Eq. 221.* The cases cited gave relief to defendants in foreign attachment suits because the judgments were surreptitiously obtained on claims that were false. The principle upon which equity jurisdiction was sustained there is applicable here. But the bill alleges no more than that the proofs upon which the circuit court made its order to the comptroller to execute the tax deed were untrue. That is not enough to invoke equity jurisdiction. True or not, the judgment of the truthfulness of the proofs was for the law court. To impeach and overthrow the legal proceedings it must be shown that the proofs were knowingly false and intended to deceive the court; in other words, that the purchaser when he applied to the circuit court for his order for the deed represented that the "unknown owners" were not known to him when in fact he knew who they were, or could have known who they were if he had made reasonable inquiry. The bill does not show this and the motion to dismiss will prevail.

From what was said at the hearing to strike the original bill, it appeared that there was actual fraud imposed upon the circuit court, and I gave leave to file an amended bill setting that up. That has not been done. It may have been due to the pleader's faulty knowledge of pleading, or it may be that the facts do not warrant the allegation. The complainant is given leave to file a further amended bill in twenty days if he desires. In default the bill will be dismissed.