GEORGE GONZALES, complainant,

v.

HARRINGTON COMPANY, INC., defendant.

[Decided December 7th, 1923.]

**Taxes—Sale of Land for Taxes—Complainant Holding Mortgage on Delinquent Lands Desires to Redeem—Right to Redeem— Procedure in Redemption.**

On bill to redeem from tax sale.

Mr. Anthony P. La Porta and Mr. John D. Pierson, for the complainant.

Mr. Harry B. Brockhurst and Mr. Merritt Lane, for the defendant.

FIELDER, V. C.

Complainant, holding a mortgage on the premises described in the bill of complaint, filed his bill December 15th, 1922, alleging that the owner of the premises failed to pay taxes and other municipal liens affecting the premises, and, as a result, the same were sold to the defendant from time to time by the collector of taxes. The bill states that when complainant expressed to defendant his desire and willingness to redeem from these taxes sales, defendant demanded that complainant pay an excessive and illegal amount, and that complainant is willing to pay defendant such amount as this court may fix. The bill prays that defendant be restrained from disposing of the premises, and that it be ordered to convey or assign to complainant any interest it has under its tax deeds or certificates of sale, upon payment to it of such sum as this court may find due.

Defendant contends that the only question raised by the pleadings is whether complainant has the right to redeem from the last sale, to wit, the sale of May 17th, 1922. I do not so read the bill and the answer. The latter does not deny that defendant was the purchaser at several tax sales, and the cause was tried on the theory that complainant is seeking to redeem by paying defendant such sum as may be justly due under all tax sales, and if the bill of complaint does not show clearly that such is its object, it may be amended accordingly.

One of the tax sales was made April 14th, 1919, for unpaid taxes of 1917. On October 11th, 1922, defendant served complainant with notice to redeem from such sale, stating in such notice that unless complainant redeemed on or before December 15, 1922, his right to redeem would be barred. Complainant had intrusted a sum of money to an attorney to invest for him and the attorney had assigned to complainant a mortgage which the attorney held on the premises in question. This fact was not known to complainant until after the notice to redeem was served on him and he had examined the records to ascertain what interest he had in the premises. Upon learning what his interest was, complainant endeavored to ascertain from defendant's officers or representatives the exact amount of its lien under all tax sales, and informed defendant that it was ready to pay such amount. Defendant gave complainant a memorandum, which consisted solely of a column of figures and its total, and notified complainant it would accept nothing less than such total. Complainant also procured an official tax search which showed that the premises had been sold for unpaid taxes for eight years, but showed no amount for interest, costs or other charges, and from which the total sum due could not be computed. Defendant subsequently sent complainant a more complete statement, which did not correspond with the list of figures first furnished, and which statement included an excessive amount for interest and expenses, a claim for moneys expended for repairs on the prop-

erty and certain principal sums paid at tax sales of other property sold with the premises in question. It also appears that certain moneys, the amount of which was not stated, have been paid to defendant by owners in redemption of other property included in the sales of the premises in question, for which money so received by defendant it gave no credit on its claim made against the complainant. On the trial of this cause defendant's secretary was called as a witness by complainant. · He was familiar with these sales and had defendant's books in court, but he was unable to even approximate the correct amount due from complainant to defendant under the tax sales. No attempt was made by defendant's officers to accede to complainant's request before suit commenced, that they meet him or his representative in an endeavor to solve what was a complicated situation, and to state an account for the purpose of ascertaining the exact amount which complainant should pay to redeem from all tax sales, and so complainant filed his bill to redeem on the last day for redemption as fixed by the notice served on him. Three days after the bill was filed, defendant recorded its certificate of the 1919 sale, its notice and the proceedings thereunder, in the manner provided by the statute, and it set up in its answer, and now insists, that under the statute such record constitutes a deed or conveyance of complainant's interest in the premises, and that he is now a stranger to the title and has no right to redeem. I shall assume that such recording was done before defendant had knowledge of the filing of this bill of complaint, but I feel that the conduct of defendant in demanding a grossly excessive sum from complainant, and in refusing to meet with complainant for the purposes of arriving at the correct amount due, was a fraud on complainant, perpetrated with intent to force complainant to pay defendant's illegal claim, and that complainant is entitled to come into this court for relief. *Nugent* v. *Hayes, 120 Atl. Rep. 38.*

The notice to redeem served on complainant states that the tax sale upon which it is founded was made under the

act of 1903 (*Comp. Stat. p. 5079*) and its supplements, and it requires complainant to redeem within sixty days as provided by that act (section 59), or on or before December 15th, 1922. By supplement (*P. L. 1913 p. 821*) to the act of 1903, where the time to redeem from a tax sale has expired, and the failure to redeem shall be due to a dispute between the purchaser and a party in interest, concerning the costs and charges to which the purchaser is entitled, this court is given jurisdiction to determine the amount due the purchaser for taxes, interest, costs and charges. If complainant's time to redeem had expired when his bill was filed, he would still be entitled to relief in this court, unless the act of 1903 and its supplements have been repealed, as defendant contends, by implication by the act of 1918. *P. L. 1918 p. 883*. I do not think it necessary to determine the question of repeal, because if the sale in question (made April 14th, 1919) was under the act of 1918 and not under the act of 1903, complainant was entitled by the act of 1918 (section 46) to six months' notice to redeem, and the notice served on him was of no effect. However that may be, I think that in a case such as this, where defendant demanded an excessive sum, and where the true amount due could not be ascertained from the collector of taxes, as I shall hereinafter show, or from the official records and where resort must be had to defendant's books, this court has jurisdiction to entertain complainant's prayer that an account be taken for the purpose of permitting him to redeem the property in which he has an interest.

Defendant contends that complainant should have made tender of the amount due prior to filing his bill. It is a fact that no sum of money was ever offered by complainant to defendant. As I have stated, the situation with regard to the tax sales was complicated and involved. The amount claimed by defendant from complainant was not the correct amount due, and complainant made efforts to arrange an interview with defendant's officers for the purpose of determining the actual amount to be paid. Defendant stated

it would accept nothing less than the total sum it demanded, and therefore complainant is excused from making an actual tender (*Thorne* v. *Mosher, 20 N. J. Eq. 257; Trenton Street Railway* v. *Lawlor, 74 N. J. Eq. 828*), and the filing of this bill is a sufficient tender of payment.

Defendant next contends that the statute requires that payment of the amount due be made to the collector of taxes, and that complainant made no such payment or tender of payment. Complainant did call on the collector of taxes and endeavored to ascertain from that official how much he was required to pay to redeem the property from all the tax sales. The collector declined to inform him or to accept any money from him, and referred complainant to defendant for settlement and payment. Complainant was entitled to the information he sought from the collector, and failing to obtain it, he was practically refused the right to redeem, and it would have been idle for complainant to have tendered the collector any sum of money after the collector had declined to deal with complainant. *Milsch* v. *Riverside, 86 N. J. Law 604, 609.*

It should be referred to a special master to take and state an account of the amount due defendant on all its tax sales covering the premises in question, and, after such amount is ascertained, complainant will be given a reasonable time within which to pay the same to defendant, whereupon defendant will be ordered to convey and assign to complainant all its interest in the premises in question under such tax sales.