GEORGE GONZALES, complainant,

*v.*

HARRINGTON COMPANY, INC., defendant.

[Decided December 7th, 1923.]

**Taxes—Sale of Lands—Right to Redeem—Case Similar to Preceding Case.**

On bill to redeem from tax sales.

*Mr. Anthony P. La Porta* and *Mrs. John D. Pierson,* for the complainant.

*Mr. Harry B. Brockhurst* and *Mr. Merritt Lane,* for the defendant.

FIELDER, V. C.

Complainant, holding mortgages on the premises described in the bill of complaint, filed his bill October 7th, 1922, alleging that the owner of the premises failed to pay taxes and other municipal liens affecting the premises, and as a result the same were sold to the defendant, from time to time, by the collector of taxes. The bill states that when complainant expressed to defendant his desire and willingness to redeem from these tax sales, defendant demanded that complainant pay an excessive and illegal amount, and that complainant is willing to pay defendant such amount as this court may fix. The bill prays that defendant be restrained from disposing of the premises, and that it be ordered to convey or assign to complainant any interest it has under its tax deeds or certificates of sale, upon payment to it of such sum as this court may find due.

Defendant contends that the only question raised by the pleadings is whether complainant has the right to redeem from the last tax sale, to wit, the sale of May 17th, 1922. I do not so read the bill and the answer. The latter alleges that defendant is the purchaser under several tax sales from which complainant has taken no legal steps to redeem, and

it denies complainant's right to redeem from any or all of them by this proceeding. Moreover, the cause was tried on the theory that complainant is seeking to redeem by paying defendant such sum as may be justly due under all tax sales, and if the bill of complainat does not show clearly that such is its object, it may be amended accordingly.

Before filing his bill complainant knew that defendant claimed to hold several tax sales covering the premises. He made several efforts to ascertain from defendant's officers or representatives the exact amount defendant claimed thereunder, and informed defendant that he was prepared to pay the full amount justly due. Defendant gave complainant a statement of the amount it claimed and notified complainant it would accept no less. This statement included an excessive amount for interest and expenses, a claim for moneys expended for repairs on the property and certain principal sums paid at tax sales of other property sold with the premises in question. It also appears that certain moneys, the amount of which was not stated, have been paid to defendant by owners, in redemption of other property included in sales of the premises in question, for which money so received by defendant complainant is entitled to credit on the amount demended by defendant. On the trial of this cause defendant's secretary was called as a witness by complainant. He was familiar with these sales and had defendant's books in court, but he was unable to even approximate the correct amount due from complainant to defendant under the tax sales. No attempt was made by defendant's officers to accede to complainant's requests that they meet with him or his representatives in an endeavor to solve what was a complicated situation, and to state an account for the purpose of ascertaining the exact amount which complainant should pay to redeem from all the tax sales.

Defendant had taken no steps prior to the filing of the bill of complaint to perfect title by notices to redeem under any of its tax sales. One of such sales had been made April 14th, 1919, for unpaid taxes of 1917. After bill filed, defendant served complainant with notice to redeem from the 1919

sale. Relying on the statute and the notice, defendant claims that complainant's time to redeem expired December 15th, 1922. After that day, and upon complainant's failure to redeem as required by the notice, defendant recorded its certificate of sale, notice and proceedings thereunder in the manner directed by the statute, and it now claims that, under the statute, such record constitutes a deed or conveyance of complainant's interest in the premises, and that he is now a stranger to the title and has no right to redeem. If, when defendant served such notice to redeem, it was aware of the filing of the bill in this cause, I would regard its conduct as an affront to this court. It recorded its proceedings under its notice to redeem after it had filed its answer herein, and such step was certainly trifling with this court and an attempt at fraud on complainant, because by filing its answer, in which it made no mention of the notice it had served, it led complainant to believe that it did not intend to rely on its notice, but would submit to the determination of this court, if this court had jurisdiction. By such conduct it is estopped from setting up in this suit any claim or right under its notice to redeem. *Clift* v. *Frenche, 83 N. J. Eq. 437;* Nugent v. *Hayes, 120 Atl. Rep. 38.* I shall disregard the legal proceedings taken by defendant after this suit was commenced, and the rights and equities between the parties will be determined as of the date of filing the bill of complaint.

Defendant contends that complainant should have made tender of the amount due prior to filing his bill. It is a fact that no specific sum of money was ever offered by complainant to defendant. As I have stated, the situation with regard to the tax sales was complicated and involved. The amount claimed by defendant was not the correct amount due, and complainant made several efforts to arrange interviews with defendant's officers for the purpose of determining the actual amount to be paid, but said officers avoided a meeting with complainant, apparently with the idea of forcing payment on its terms. Defendant stated it would accept nothing less than the total sum it demanded, and therefore complainant is excused from making an actual

tender. *Thorne* v. *Mosher, 20 N. J. Eq. 257; Trenton Street Railway* v. *Lawlor, 74 N. J. Eq. 828.* The filing of this bill is a sufficient tender of payment.

Defendant next contends that the statute requires that payment of the amount due be made to the collector of taxes, and that complainant made no such payment or tender of payment. Complainant did call on the collector and endeavored to ascertain from that official how much he was required to pay to redeem the property from all tax sales. The collector declined to inform him or to accept any money from him, and referred complainant to defendant for settlement and payment. Complainant was entitled to the information he sought from the collector, and, failing to obtain it, he was practically refused the right to redeem, and it would have been idle for complainant to tender the collector any sum of money after the collector had declined to deal with complainant. *Mitsch* v. *Riverside, 86 N. J. Law 604, 609.* Complainant procured official tax searches which were practically transcripts of the tax sale records. They show sales to the defendant for twelve years against each of the two tracts described in the bill of complaint, some interest items, but no costs or other charges. The searches also show that in some of the sales other property was included, and that in those cases the premises in question and the other property had been sold together for a lump sum. It was therefore impossible for complainant or the collector of taxes to determine from the tax records what sum should be paid by complainant to the collector in redemption of the property in which complainant was interested.

It should be referred to a special master to take and state an account of the amount due defendant on all of its tax sales covering the premises in question, and, after such amount is ascertained, complainant will be given a reasonable time within which to pay the same to defendant, whereupon defendant will be ordered to convey and assign to complainant all its interest in the premises in question under such tax sales.