72 P.(2d) 12

GAMMILL v. MANN et al.

No. 4188.

Supreme Court of New Mexico.

Sept. 27, 1937.

R. E. Rowells and Hatch, Grantham & Manson, all of Clovis, and Keith W. Edwards, of Fort Sumner, for appellants.

Charles F. Fishback, of Fort Sumner, for appellee.

BRICE, Justice.

This is a statutory action to quiet title. The appellee bought from the county of De Baca a tax sale certificate which had been recorded more than three years; and demanded, and there was issued to him by the county treasurer a tax deed to the real property described in the certificate. The appellants claiming title to the property answered denying appellee's claim and filed cross-actions to quiet their respective claims of title. It is admitted that the tax proceedings up to and including the issuing of the tax certificate to De Baca County were legal.

The defense was that appellants were the owners of the property; that on the 20th day of October, 1927, long prior to the purchase of the tax certificate by appellee, one of the appellants had tendered to the county treasurer the full amount of taxes, interest, and penalties due and necessary to redeem the property from sale, and to pay all back taxes due thereon; that the county treasurer had refused to accept such money and to issue a redemption certificate; that on February 18, 1930, appellants again tendered to the treasurer of De Baca county all taxes, interest, and penalties due upon the land for the year of 1925, which was refused.

The tax sale certificate was dated September 20, 1926, and filed for record January 3, 1927, and duly recorded in the De Baca county tax sale certificate records. The county treasurer of De Baca county assigned such certificate to appellee on the 17th day of February, 1930, and issued a tax deed thereon, dated February 10, 1932 The district court held that the tender of money by appellants, to pay all taxes before redemption was barred, was not a defense to the action; that the only defenses to the tax title were: (1) That the land was not subject to taxation; and (2) that the taxes had been paid. That as neither of these defenses had been pleaded or proved, appellee's tax deed established his title; and judgment was accordingly entered for him.

The trial court evidently had in mind section 435, c. 133, N.M.L.1921, as follows: "After the expiration of such period of ninety days, any final judgment for the sale of property for delinquent

taxes rendered in accordance with the provisions of this act shall estop all parties from raising any objection thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment or decree and might have been presented as a defense in such action in a court wherein the same was rendered, and as to all such questions the judgment shall be conclusive evidence of its regularity and validity in all collateral proceedings; except in cases where the taxes had been paid, or the property was not liable to the tax or assessment. Counties purchasing at tax sales shall be deemed purchasers within the meaning of this act."

Clearly this statute does not apply here, as the tender (if made) was subsequent to the rendition of judgment and could not have been presented as a defense at the trial.

Section 449, c. 133, N.M.L.1921, is as follows: "Real property sold under the provisions of this act may be redeemed by the owner or any person having a legal or equitable right therein, at any time before the expiration of three years from the date of the sale, by payment to the county treasurer, to be held by him subject to the order of the purchaser, of the amount for which the same was sold, with interest thereon from date of sale at the rate of one and one-fourth per cent per month for the first twelve months, or fraction thereof, after sale, and one per cent per month for the remaining twenty-four months, or fraction thereof, together with the amount of all subsequent taxes paid by the purchaser or levied by the county."

We indicated in State ex rel. McFann v. Hately, 34 N.M. 86, 278 P. 206, 208, that this redemption statute should be liberally construed in favor of the landholder, stating: "Redemption cannot be prevented by the fault or mistake of the collecting officer whose duty it is to furnish to the taxpayer the requisite information."

This seems to be the general rule. Logan's Heirs et al. v. Logan, 31 Tex.Civ. App. 295, 72 S.W. 416; McGraw v. Potts et al. (Tex.Civ.App.) 27 S.W.(2d) 550; McLain v. Meletio et al., 166 Miss. 1, 147 So. 878; Laist v. Nichols et ux., 139 Cal. App. 202, 33 P.(2d) 866; Gibson v. Pekarek et al., 27 S.D. 423, 131 N.W. 728; Ford Lbr. Co. v. Bartlett, 32 Idaho 638, 186 P. 709; Wilson v. Reasoner, 37 Kan. 663, 16 P. 100; Backus v. Killmaster, 162 Mich. 594, 127 N.W. 779; Gonzales v. Harrington Co., Inc., 126 A. 40, 2 N.J. Misc. 316; Id., 126 A. 38, 2 N.J.Misc. 311; 61 C.J. Title Taxation, § 1760.

"The owner of the land, having tendered the full amount due for redemption before the execution of the tax deed, had performed all the duty the law required, and the tender unquestionably had the effect, not only to stop interest, but to prevent the officers of the county from executing any valid tax deed to the land. When the defendant in error offered to pay, and the county treasurer refused to receive the amount tendered, it being suf-

ficient for the purpose of redemption, right then and there the owner was discharged of all obligation to pay interest to any one on the taxes due and tendered." Wilson v. Reasoner, 37 Kan. 663, 16 P. 100, 101.

"Defendant next contends that the statute requires that payment of the amount due be made to the collector of taxes and that complainant made no such payment or tender of payment. Complainant did call on the collector of taxes, and endeavored to ascertain from that official how much he was required to pay to redeem the property from all the tax sales. The collector declined to inform him, or to accept any money from him, and referred complainant to defendant for settlement and payment. Complainant was entitled to the information he sought from the collector, and, failing to obtain it, he was practically refused the right to redeem, and it would have been idle for complainant to have tendered the collector any sum of money after the collector had declined to deal with complainant." Gonzales v. Harrington Co., Inc., 126 A. 40, 2 N.J.Misc. 316; Id., 126 A. 38, 40, 2 N.J.Misc. 311.

"A person wishing to redeem land sold for taxes should tender the necessary amount unless a formal tender is waived; and, when the person entitled to redeem duly offers the proper amount to the proper person, it is immaterial that the money is not accepted; for a sufficient tender will ipso facto work a redemption." 61 C.J. Title "Taxation" § 1760.

A Texas statute (Rev.St.1895, art. 5232n) provides: "Where lands are sold under the provisions of this chapter the owner or any one having an interest therein shall have the right to redeem said land, or his interest therein, within two years from the date of said sale upon the payment of double the amount paid for the land."

It was held in Logan's Heirs v. Logan et al., 31 Tex.Civ.App. 295, 72 S.W. 416, in construing this statute, that the tender of a sufficient sum of money to the holder of the tax certificate to redeem the land from taxes has the effect of redemption.

The treasurer and tax collector was, by statute, made the agent of the owner of the tax certificate, whether such owner was the county or another; and was the only officer or person authorized by law to receive the money. The law gave appellants the right to redeem the property from tax sale, and to that end required payment to be made to such officer. His refusal to receive the money or to give information with reference thereto cannot affect the rights of appellants, if they or either of them tendered payment in good faith; at least if such tender was kept good. The trial court should have considered the testimony with reference to a tender, and, if tender was actually made, have rendered judgment for appellants.

No question seems to have been made of whether such tender was, or should

556

be, kept good, or whether appellants are entitled to relief, having not tendered payment of taxes, etc.; and we do not decide them.

In view of the fact that Judge Armijo, who tried the case below, is not now available to officiate, the cause will be reversed, with instructions to grant to the parties a new trial, and to that end permit such amendment ' of pleadings as the parties may desire to file.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.